## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

RYAN HYSELL and CRYSTAL HYSELL, on behalf
of their daughter, A.H., a minor,
249 South Beechgrove Road
Wilmington, OH 45177

      Plaintiffs,

*v.*

Case No.  5:18-cv-01375

RALEIGH GENERAL HOSPITAL
1710 Harper Road
Beckley, WV 25801

Serve:  CT Corporation System
      1627 Quarrier St.
      Charleston, WV, 253112124,

*-and-*

ALYCE PERKOWSKI, R.N.
1710 Harper Road
Beckley, WV 25801

*-and-*

NURSE BELL
1710 Harper Road
Beckley, WV 25801

*-and-*

NURSE BUCHANON
1710 Harper Road
Beckley, WV 25801

*-and-*

COMMUNITY HEALTH SYSTEMS, INC.
D/B/A ACCESS HEALTH
252 Rural Acres Drive
Beckley, WV 25801

Serve:  Dennis L. Cook
      252 Rural Acres Drive
      Beckley, WV 25801

*-and-*

DEBRA CROWDER, CNM
252 Rural Acres Drive
Beckley, WV 25801

*-and-*

THE UNITED STATES OF AMERICA,
U.S. Department of Justice
Attorney General
Jeff Sessions
950 Pennsylvania Ave., NW
Washington, D.C. 20530

Serve:  William J. Powell
        P.O. Box 591
        Wheeling, WV 26003-0011

        *And*

        Jeff Sessions
        Attorney General of the United States
        950 Pennsylvania Ave., NW
        Washington, D.C. 20530

        Defendants.

## COMPLAINT

*COMES NOW* Plaintiff, by and through the undersigned counsel, and files this complaint, and for this cause of action states:

## PARTIES

1. Plaintiffs Ryan and Crystal Hysell are adult residents of the State of Ohio and parents of A.H.

2. Plaintiff A.H. is the minor daughter of Ryan and Crystal Hysell.

3.      Defendant Raleigh General Hospital (hereafter "RGH") is and, at all times relevant to this action, was a healthcare provider offering services to the public at large, including Plaintiffs in the State of West Virginia.

4.      Defendant Alyce Perkowski, on information and belief was at all times relevant to this action a Registered Nurse (R.N.) employed by Defendant RGH providing services to the public at large, including A.H., in the State of West Virginia.

5.      Defendant Bell on information and belief was at all times relevant to this action a Registered Nurse (R.N.) employed by Defendant RGH providing services to the public at large, including A.H., in the State of West Virginia.

6.      Defendant Buchanan on information and belief was at all times relevant to this action a Registered Nurse (R.N.) employed by Defendant RGH providing services to the public at large, including A.H., in the State of West Virginia.

7.      Defendant Community Health Systems, d/b/a Access Health (hereafter "Access") was at all times relevant to this action a healthcare provider offering services to the public at large, including Plaintiffs, in the State of West Virginia.

8.      Defendant Debra Crowder was at all times relevant to this action a healthcare provider offering services to the public at large, including Plaintiffs, in the State of West Virginia, and on information and belief a licensed mid-wife employed by Defendant Access.

9.      Defendant United States Government on information and belief was a monetary funder of Access at all times relevant to this action and is a Defendant pursuant to 42 U.S.C. § 1346.

10.      The United States Government has denied a claim filed pursuant to 42 U.S.C. § 233(i)(i), i.e. the Federal Tort Claim Act, and is expected to represent Defendants Access and Crowder.

### JURISDICTION

11.     Jurisdiction is involved in this action pursuant to 28 U.S.C. § 1346 as all acts occurred within the jurisdiction of this Court.

12.     Further, there is complete diversity in this case and thus jurisdiction is also based upon 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.

### VENUE

13.     Venue is proper in this Court due to 28 U.S.C. § 1402 since all occurrences were in the jurisdiction of this Court.

### BACKGROUND

14.     Plaintiff A.H. was born on Friday, October 29, 2010 at 14:55 hours at 41 weeks gestation, while Crystal Hysell was under the care of the Defendants.

15.     According to the record, Crystal Hysell had been in labor for about 10 hours, 40 minutes. Reference to the "Record" is the medical/hospital record kept by RGH for Crystal Hysell and A.H.

16.     On information and belief, Defendant Crowder arrived about five minutes before delivery and had to push the baby and cord back into the birth canal so that the delivery could continue.

17.     On information and belief, mid-wife Crowder and nurses Perkowski and Bell attended the delivery.

18.     On information and belief, at birth, A.H. was resuscitated via tactile stimulation, bulb suction, and blow-by oxygen, at least.

19.     Shortly after birth A.H. was taken from her mother.

20.     A.H. was apparently taken to a nursery and had an Sa02 of 68.

21.     There are no records of what transpired between birth and admission to the nursery.

4

22.     According to the record of A.H., she was admitted to the nursery at 15:08, 13 minutes after birth, at which time nurse Buchanon appears to have resumed her care.

23.     Upon admission to the nursery, A.H. was also dusky and deep suctioning produced a moderate amount of thick clear mucous.

24.     A.H. was taken to Ryan and Crystal Hysell at about 4 hours after delivery.

25.     While in the hospital, A.H. had extremely elevated bilirubin's.

26.     A.H. was not seen by a pediatrician until the day after her birth.

27.     RGH, as an accredited hospital was required to keep adequate records of Crystal Hysell or A.H.

28.     A.H. did not meet the appropriate milestones and at about 6 months of age she was not rolling over, did not bear weight on her legs and could only sit with support.  She was diagnosed with "failure to thrive".

29.     She was eventually seen for an MRI, which unknown to Ryan and Crystal Hysell was reported as normal whereas it was later to not be normal.

30.     As a result, the Hysell's and parts of the medical establishment proceeded on an inaccurate MRI reading to try to determine a proper diagnosis and cause of A.H.s various abnormalities.

31.     A.H. became enrolled in West Virginia "Birth to Three" program.

32.     Ordered genetics tests failed to find any genetic abnormalities for A.H.

33.     A.H. was then diagnosed with global developmental delay, but not until at least March, 2016. It had been erroneously interpreted.

34.     In March of 2016, A.H. had another MRI of her brain and it was found that she had low white matter volume, "probably caused by hypoxia at birth or an infection".  A review of the earlier MRI was found to show the same results.

35.     The second MRI was in March of 2016 and it was subsequent to that MRI that Ryan and Crystal Hysell learned of their child's abnormal brain MRI, then and in the past.

36.     On about May of 2016, Crystal and Ryan Hysell were told that the child had cerebral palsy most likely due to an episode of hypoxia at birth.

37.     Ryan and Crystal Hysell have filed the appropriate Form 95 with defendant Government as required, which has been denied, within two years of learning that they had been misled by an erroneously interpreted MRI and having the fact of the MRIs and the hypoxia withheld.

38.     Until May of 2016, Ryan and Crystal Hysell were misled about A.H.'s illness as they were erroneously told the first MRI was negative, when it was not.  Because of this error, they spent years trying to determine a diagnosis of A.H.s abnormalities as it was never revealed to them what happened during the time A.H. was taken from them following birth, nor did the hospital records kept or produced explain what happened during said unknown period of time.

39.     At no time during the delivery, despite a fetal monitor showing abnormalities did Defendants contact a physician.

40.     Mid-wife Crowder did not spend time with Crystal Hysell during the delivery process until shortly before birth as she was busy with another patient.

41.     A.H. has been diagnosed with cerebral palsy and suffers the effects of the same and will for the rest of her life.  She will need extensive care and treatment for the rest of her life due to the hypoxic incident.

42.     Defendant Hospital has been asked to find additional records in addition to what was produced at the request of Ryan and Crystal Hysell, but have refused to do so.

43.     Defendant Hospital has failed to maintain records in accordance with the requirements of the Joint Commission on Accreditation of Hospitals.

6

44.     At no time were Ryan and Crystal Hysell advised that treatment by an Access agent, servant, or employee would result in their waiving any right to trial by jury in any case against Access or their personnel.

45.     Access gave no notice to Ryan and Crystal Hysell that the United States Government would intervene if Access or their agents, servants, or employees provided any service that was negligence and deny them their right under the 7th Amendment to have a trial by jury and they thus object to the denial of their rights under the Constitution that deprives them of a trial by jury against all defendants, and each one of them.

46.     Plaintiffs have provided several Certificates of Merit pertinent and appropriate to the facts of this case.

## COUNT I
### (Medical Negligence)

47.     Plaintiffs incorporate herein by reference all preceding paragraphs.

48.     Defendants and each of them had a duty to provide care and treatment for the Plaintiffs consistent with necessary care appropriate under the same or similar circumstances for each of them.

49.     Each of the Defendants had a duty to:

(a)     Properly and timely treat the respiratory difficulties of A.H.;

(b)     Properly recognize the abnormalities shown by the fetal monitor strips and obtain the necessary health care to be present at patient Crystal Hysell's beside as necessary;

(c)     To properly and timely treat any lack of oxygen incurred by A.H.;

(d)     To properly and timely advocate for the needs of A.H.;

(e)     To timely obtain appropriate and necessary health care for A.H.; and

(f)     Other failures to be identified at a later time as discovery proceeds.

50.     Defendants breached the necessary standard of care as described above.

51.     As a direct and proximate result A.H. suffered uncontrolled respiratory distress, ultimately improper respirations causing cerebral palsy and leukomalacia, mental anguish, humiliation, embarrassment, economic opportunities, further hospitalizations,  related injuries and damages which are sequelae of her brain damage, additional therapy, expenses for medical care and treatment,  loss of income and loss of the capacity to enjoy life, both in the past and in the future, all of which are permanent..

**WHEREFORE**, Plaintiffs Ryan and Crystal Hysell, on behalf of their daughter A.H., a minor, pray that judgment be entered against Defendants in an amount to be determined at trial but believed to be _____, in damages, plus costs of this suit, pre and post-judgment interest, plus all interest, costs and attorney's fees incurred by Plaintiffs, and such other and further relief as this Court deems just and proper. Pursuant to West Virginia Code §55-7B-5, the minimum jurisdictional amount for filing the action is satisfied and the amount is also in excess of $75,000.00 for the purposes of filing a claim in this Court under the basis of diversity jurisdiction.

Dated: October 23, 2018

By Counsel:

_/s/ Christopher T. Nace_____
Christopher T. Nace, Esq. #11464
Barry J. Nace, Esq. #7313
Matthew A. Nace, Esq. #13072
PAULSON & NACE, PLLC
1025 Thomas Jefferson St., NW, Suite 810
Washington, DC 20007
Tele: (202) 463-1999
Fax: (202) 223-6824
bjn@paulsonandnace.com
man@paulsonandnace.com
*Counsel for Plaintiffs*

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**