IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VRGINIA
AT BECKLEY

RYAN HYSELL and CRYSTAL HYSELL,
on behalf of their daughter, A.H., a minor,

       Plaintiffs,

v.	Civil Action No. 5:18-cv-01375

RALEIGH GENERAL HOSPITAL,
ALYCE PERKOWSKI, R.N.,
NURSE BELL, NURSE BUCHANON,
COMMUNITY HEALTH SYSTEMS, INC.,
d/b/a ACCESS HEALTH, DEBRA CROWDER, CNM,
and THE UNITED STATES OF AMERICA,

       Defendants.

### ANSWER OF DEFENDANTS COMMUNITY HEALTH SYSTEMS, INC. d/b/a ACCESS HEALTH, DEBRA CROWDER, AND THE UNITED STATES OF AMERICA TO PLAINTIFFS' COMPLAINT

COME NOW defendants Community Health Systems, Inc. d/b/a ACCESS Health, Debra Crowder, and the United States of America (collective hereinafter referred to as "this defendant"), by counsel, in answer to plaintiffs' Complaint, and say as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

1.    For its answer to Paragraphs 1-6 of the Complaint, this defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, demands strict proof thereof.

2.    For its answer to Paragraph 7 of the Complaint, this defendant states that Community Health Systems, Inc. d/b/a Access Health is a federally supported clinic which has

been deemed an employee of the United States for purposes of the PSHA, 42 U.S.C § 233, as amended by the Federally Supported Health Centers Assistance Act of 1992, and as further amended in 1995, and is covered by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), and 2671 et seq. This defendant further states that Community Health Systems, Inc. d/b/a Access Health provides health care services to its patients. This defendant further states that it denies all other allegations contained in that paragraph

3. For its answer to Paragraph 8 of the Complaint, this defendant states that Debra Crowder was a healthcare provider under the Medical Professional Liability Act ("MPLA"), was a licensed midwife, was employed by Access Health, and has been deemed a federal employee of the United States for purposes of the PSHA, 42 U.S.C § 233, as amended by the Federally Supported Health Centers Assistance Act of 1992, and as further amended in 1995, and is covered by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), and 2671 et seq. This defendant further states that it denies all other allegations contained in that paragraph.

4. For its answer to Paragraph 9 of the Complaint, this defendant states that paragraph contains plaintiffs' assertions of applicable law and that this defendant denies the allegations contained in that paragraph.

5. For its answer to Paragraph 10 of the Complaint, this defendant states that counsel for the plaintiffs did submit an SF-95 claim form which was received by the General Law Division of the United States Department of Health and Human Services ("HHS") on January 29, 2018, and which was denied on May 29, 2018. This defendant further states that Community Health Systems, Inc. d/b/a Access Health is a federally supported clinic and Debra Crowder have been deemed employees of the United States for purposes of the PSHA, 42 U.S.C

§ 233, as amended by the Federally Supported Health Centers Assistance Act of 1992, and as further amended in 1995, and are covered by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), and 2671 et seq. This defendant states that it denies all other allegations contained in that paragraph.

  6. For its answer to Paragraphs 11-13 of the Complaint, this defendant states that these paragraphs contain plaintiffs' assertions of applicable law, and, therefore, those allegations are denied by the defendant.

  7. For its answer to Paragraphs 14-28, 31-32, and 36 of the Complaint, this defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, demands strict proof thereof.

  8. For its answer to Paragraphs 29-30, 33-35, and 37-51 of the Complaint, this defendant states that it denies all of the allegations contained therein which relate to this defendant. This defendant further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in those paragraphs of the Complaint which relate to other defendants, and, therefore, demands strict proof thereof.

  9. To the extent that this defendant has not answered any allegation contained in the Complaint, it is hereby denied by this defendant. This defendant further denies that it is liable to the plaintiffs, and this defendant demands that this civil action be dismissed with judgment awarded to this defendant.

### **THIRD DEFENSE**

  The United States has not waived its sovereign immunity to entitle the plaintiffs to a right to a jury trial under the Federal Tort Claims Act, and, therefore, the plaintiffs' demand for a jury

trial against the United States must be stricken pursuant to 28 U.S.C. § 2402 and other applicable federal law.

### FOURTH DEFENSE

This defendant specifically denies each and every allegation of plaintiffs' Complaint not specifically admitted herein.

### FIFTH DEFENSE

This defendant did not proximately cause the injuries and damages alleged in the Complaint, and, therefore, this civil action should be dismissed.

### SIXTH DEFENSE

This defendant hereby alleges as an affirmative defense that the acts complained of in the Complaint were the proximate result of the negligence of others and not this defendant. This defendant further alleges as an affirmative defense the West Virginia Medical Professional Liability Act, W. Va. Code § 55-7B-1 et seq., and all defenses available to it, affirmative or jurisdictional or otherwise, pursuant to the terms and conditions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), and 2671 et seq., applicable federal law, and the common law and statutes of the State of West Virginia, as may be applicable to this case and as developed through the discovery process.

### SEVENTH DEFENSE

The negligence of the plaintiffs was the sole and proximate cause of the injuries and damages alleged in the Complaint, and, therefore, this civil action should be dismissed.

### EIGHTH DEFENSE

The negligence of the plaintiffs, if not the sole and proximate cause of the injuries and

damages alleged in the Complaint, was equal to or greater than the alleged negligence, if any, of this defendant, and, therefore, the plaintiffs are not entitled to recover against this defendant under the law applicable to this civil action, and, therefore, this civil action should be dismissed.

### NINTH DEFENSE

The negligence of the plaintiffs, if not the sole and proximate cause of the injuries and damages alleged in the Complaint, contributed to the injuries and damages alleged in the Complaint, and, therefore, this defendant is entitled to a proportionate reduction in any recovery, if any, for the plaintiffs for the injuries and damages alleged in the Complaint.

### TENTH DEFENSE

The plaintiffs failed to mitigate the injuries and damages alleged in the Complaint, and, therefore, any award of damages, if any, should be reduced accordingly under the law applicable to this civil action.

### ELEVENTH DEFENSE

Plaintiff's recovery, if any, against this defendant is limited by the amount specified in the administrative claim submitted to the United States and the sovereign immunity of the United States.

### TWELFTH DEFENSE

Plaintiffs' recovery, if any, is limited by the limitations on damages contained in the West Virginia Medical Professional Liability Act, W.Va. Code § 55-7B-1, et seq. This defendant also asserts all other statutory defenses set forth in the West Virginia Medical Professional Liability Act, W.Va. Code § 55-7B-1, *et seq*.

**THIRTEENTH DEFENSE**

Not being fully advised as to all the facts and circumstances surrounding the allegations contained in the plaintiffs' Complaint, this defendant hereby invokes and asserts all affirmative defenses which may prove applicable herein, including, but not necessarily limited to, those defenses specifically set forth in Fed.R.Civ.P. 8(c) as though fully set forth herein. This defendant also asserts all defenses which may be applicable under Rule 12 of the Federal Rules of Civil Procedure and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2401, 2671, *et seq*.

**FOURTEENTH DEFENSE**

The plaintiffs' claims are barred because the plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), and 2671 *et seq*.

**FIFTEENTH DEFENSE**

This court lacks subject matter jurisdiction over the claims asserted in the Complaint, and, therefore, this civil action must be dismissed.

**SIXTEENTH DEFENSE**

The plaintiffs' claims are barred because the plaintiffs failed to comply with the pre-litigation requirements imposed by West Virginia Medical Professional Liability Act, W.Va. Code § 55-7B-1, *et seq*.

**SEVENTEENTH DEFENSE**

Any claims by the plaintiffs' for prejudgment interest, attorney's fees, and post-judgment interest against this defendant are barred by the sovereign immunity of the United States, 28

U.S.C. § 2674, and other applicable federal law, and, therefore, any claims asserted by the plaintiffs' for prejudgment interest, attorney's fees, and post-judgment interest asserted against this defendant in the Complaint or otherwise should be dismissed.

### EIGHTEENTH DEFENSE

The United States is entitled to an offset from the damages awarded in any verdict or judgment rendered in favor of the plaintiffs, if any, for any medical or other expenses paid by or through any benefits or other programs funded in whole or in part by the United States and for any other benefits provided to plaintiffs by any federal or state benefit program as a matter of federal law or state law. The United States is also entitled to any offsets permitted by W.Va. Code § 55-7B-9a and any other applicable state law from any damages awarded in any verdict or judgment rendered in favor of the plaintiffs, if any. The United States is also entitled to the imposition of a reversionary trust and any other type of trust deemed appropriate by the Court on any verdict or award of damages to the plaintiffs, if any, and any offsets from such a verdict or award of damages to the plaintiffs which might be applicable due to the imposition of any such trust.

### NINETEENTH DEFENSE

The claims asserted in the Complaint and during the administrative tort phase preceding the filing of the Complaint are time-barred by 28 U.S.C. § 2401(b), and other applicable federal law. Therefore, this civil action must be dismissed because it is time-barred under the FTCA.

### TWENTIETH DEFENSE

Under 42 U.S.C. § 233 and the FTCA, Community Health Systems, Inc. d/b/a Access Health and Debra Crowder having been deemed employees of the United States for purposes of


the PSHA, 42 U.S.C § 233, as amended by the Federally Supported Health Centers Assistance Act of 1992, and as further amended in 1995, and by the FTCA are not proper defendants in this civil action and should be dismissed.  The United States should be substituted for Community Health Systems, Inc. d/b/a Access Health and Debra Crowder pursuant to 42 U.S.C. § 233 and the FTCA.

WHEREFORE, this defendant prays that this Court enter judgment in its favor, dismiss this civil action, and afford this defendant such other and further relief which the Court may deem appropriate.

Respectfully submitted,

**MICHAEL B. STUART**
**United States Attorney**

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV    25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov

## CERTIFICATE OF SERVICE

I, Fred B. Westfall, Jr., Assistant United States Attorney for the Southern District of West Virginia, hereby certify that on December 26, 2018, I electronically filed the foregoing **ANSWER OF DEFENDANTS COMMUNITY HEALTH SYSTEMS, INC. d/b/a ACCESS HEALTH, DEBRA CROWDER, AND THE UNITED STATES OF AMERICA TO PLAINTIFFS' COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

Christopher T. Nace
Barry J. Nace
Matthew A. Nace
Paulson & Nace, PLLC
1025 Thomas Jefferson Street NW
Suite 810
Washington, D.C. 20007
Counsel for Plaintiffs

D.C. Offutt, Jr.
Ryan Q. Ashworth
S. Taylor Hood
Offutt Nord Ashworth PLLC
949 Third Avenue, Suite 300
P. O. Box 2868
Huntington, WV 25728-2868
Counsel for defendants Raleigh General Hospital, Alyce Perkowski, RN,
Nurse Bell, and Nurse Buchanon

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
P.O. Box 1713, Charleston, WV   25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov