**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

RYAN HYSELL, et al.,

                Plaintiffs,

v.                                      CIVIL ACTION NO.  5:18-cv-01375

RALEIGH GENERAL HOSPTIAL, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion of the United States to Dismiss Community Health Systems, Inc., d/b/a/ Access Health and Debra Crowder, CNM, from This Civil Action and to Substitute the United States in Their Place* (Document 35), the *Memorandum in Support of the Motion of the United States to Dismiss Community Health Systems, Inc., d/b/a Access Health and Debra Crowder, CNM, from This Civil Action and to Substitute the United States in Their Place* (Document 36), the *Plaintiff's Opposition to the Motion of the United States to Dismiss Community Health Systems, Inc., d/b/a Access Health and Deborah Crowder from the Civil Action and to Substitute the United States in Their Place* (Document 42), and the *Reply of Defendants Community Health Systems, Inc., d/b/a Access Health, Debra Crowder, CNM, and the United States of America to Plaintiff's Opposition to the Motion of the United States to Dismiss Community Health Systems, Inc. d/b/a Access Health and Deborah Crowder from This Civil Action and to Substitute the United States in Their Place* (Document 44).   The Court has further reviewed all attached exhibits.

In addition, the Court has reviewed the *Plaintiffs' Response in Opposition to Reply of Defendants Community Health Systems, Inc. d/b/a Access Health, Debra Crowder, CNM, and the United States of America to Plaintiffs Opposition to the Motion of the United States of America to Dismiss Community Health Systems, Inc. d/b/a Access Health and Debra Crowder from the Civil Action and to Substitute the United States in Their Place* (Document 45) and the *Motion of the United States to Dismiss Community Health Systems, Inc., d/b/a Access Health and Debra Crowder, CNM, from This Civil Action to Strike Plaintiffs' Response (ECF No. 45), Or, in the Alternative, Their Response to Plaintiffs' Response (ECF No. 45)* (Document 49). Because the Plaintiffs' response to the United States' reply brief constitutes a surreply filed without leave of the Court, the Court will grant the United States' motion to strike and will not further address the arguments contained therein.[1] The Court has likewise not considered the substantive arguments presented in the United States' response.

The Plaintiffs initiated this action with a *Complaint* (Document 1) filed on October 23, 2018. They allege that A.H., the minor daughter of Plaintiffs Ryan and Crystal Hysell, suffered developmental delays and cerebral palsy as a result of hypoxia at birth. A.H. was born at Raleigh General Hospital in October 2010. Care was provided by nurses employed by Raleigh General Hospital, as well as Debra Crowder, a certified nurse midwife employed by Access Health. They allege that the Defendants breached various applicable standards of care before, during, and after A.H.'s birth. The Plaintiffs allege that they learned of A.H.'s condition and its cause only in

---

1 The Court notes that the surreply was not filed in response to new issues raised for the first time in the United States' reply brief, but instead simply furthers the Plaintiffs' previous arguments. Indeed, the Plaintiffs begin their surreply by complaining that the United States only briefly addressed their argument that it is improper to deprive them of a jury trial because they were unaware, at the time they received medical care, that the providers were deemed employees of the United States.

March or May 2016, when they received abnormal MRI results and A.H. was diagnosed with cerebral palsy.

On December 26, 2018, the United States filed a motion to dismiss the demand for a jury trial as to the United States, Community Health Systems, Inc. d/b/a Access Health, and Debra Crowder, CNM. The Plaintiffs did not respond or object, and the Court granted the motion on February 6, 2019, citing 28 U.S.C. § 2402 and *Carlson v. Green*, 446 U.S. 14, 22 (1980). (Document 25.)

The United States, Access Health, and Ms. Crowder now seek to substitute the United States as Defendant in place of Access Health and Ms. Crowder. The United States avers that Access Health and Ms. Crowder "were 'deemed employees of the United States pursuant to 42 U.S.C. § 233(g) of the Public Health Service Act…and therefore, they are covered by the Federal Tort Claims Act (FTCA)." (Def.'s Mem. at 1-2.) The United States attached declarations from James C. Anagnos, Assistant Deputy Associate General Counsel of the Office of General Counsel, General Law Division, Claims & Employment Branch, of the United States Department of Health and Human Services, and from Michael B. Stuart, United States Attorney for the Southern District of West Virginia. Both confirm that Access Health and its employees, including Ms. Crowder, have been deemed employees of the Public Health Service, and Mr. Stuart certifies that they were acting within the scope of their employment with respect to the allegations contained in the complaint. The United States submitted additional documentation confirming the provision of federal funding to Access Health, as well as the notices deeming Access Health as a federal employee. (Ex. 1, att'd to Def.s' Reply) (Document 44-1.)

The Plaintiffs argue that substituting the United States as Defendant in place of Access Health and Ms. Crowder is inappropriate because "there is nothing that Access or Crowder did at any time prior to or during treatment that would have indicated to the Plaintiff that she was giving up her right to trial by jury because of Access and Crowder somehow being [federally] funded or for any other reason." (Pl.s' Resp. at 2.) They assert that "[a]s such, it cannot be rational to somehow declare that under the rule of Law of this Country and West Virginia that Access and Crowder would be excused from this case or that Plaintiffs should have lost their right to trial by jury." (*Id*. at 3) (capitalization as in original.)

As an initial matter, the Plaintiffs' objections appear to relate solely to the denial of a jury trial with respect to the United States, Access Health, and Ms. Crowder. The Court previously entered an order striking the jury demand as to those Defendants following a motion from the United States that the Plaintiffs did not contest. Even if the Court now re-opens the issue of the availability of a jury trial as to the United States, Access Health, and Ms. Crowder, however, the law is quite clear that the United States must be substituted as the Defendant in place of its deemed employees, and that no jury trial is available in an FTCA action. The United States' decision to deem Access Health and Ms. Crowder to be federal Public Health Service employees is not subject to judicial review.[2] 42 U.S.C. § 233(g)(1)(F). The FTCA constitutes a limited waiver of the United States' sovereign immunity, to be narrowly construed and subject to the conditions established by law. *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 491 (2006). A plaintiff in an FTCA action "cannot opt for a jury." *Carlson v. Green*, 446 U.S. 14, 22 (1980) (citing 28 U.S.C. §

---

2 As a practical matter, medical providers who are deemed to be Public Health Service employees may not carry private malpractice insurance. Finding such providers to be potentially subject to direct suit would defeat the purposes of the Public Health Services Act and the Federally Supported Health Centers Act, as well as potentially leaving plaintiffs unable to recover.

2402). "It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).

The Plaintiffs cite no legal authority in support of their argument that the legal provisions underlying liability in tort claims against the United States and federal employees acting in the scope of their employment do not apply unless the Plaintiffs were notified of the status of the employees and the waiver of the right to a jury trial in a potential lawsuit. Their theory misunderstands the FTCA and the concept of sovereign immunity. The United States is only liable for torts or other wrongs to the extent it specifically waives immunity. Inside that legal framework, there is no requirement that people who do business with the United States or its employees waive the right to a jury trial before the United States is entitled to invoke sovereign immunity and the associated limitations on suit. Indeed, many FTCA claimants sue for torts that do not result from a choice to do business with the United States at all—for example, drivers or pedestrians who assert negligence following car accidents involving federal employees.

Wherefore, after careful consideration, the Court **ORDERS** that the *Motion of the United States to Dismiss Community Health Systems, Inc., d/b/a/ Access Health and Debra Crowder, CNM, from This Civil Action and to Substitute the United States in Their Place* (Document 35) be **GRANTED**, that Community Health Systems, Inc., d/b/a Access Health, and Debra Crowder, CNM, be **DISMISSED** from this action and that the United States be **SUBSTITUTED** in their place.

The Court further **ORDERS** that the *Plaintiffs' Response in Opposition to Reply of Defendants Community Health Systems, Inc. d/b/a Access Health, Debra Crowder, CNM, and the United States of America to Plaintiffs Opposition to the Motion of the United States of America to*

*Dismiss Community Health Systems, Inc. d/b/a Access Health and Debra Crowder from the Civil Action and to Substitute the United States in Their Place* (Document 45) be **STRICKEN** as an improper surreply.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:          July 16, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA