IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

RYAN HYSELL and CRYSTAL HYSELL,
on behalf of their daughter, A.H., a minor,

    Plaintiffs,

v.                                          Civil Action No. 5:18-cv-01375

RALEIGH GENERAL HOSPITAL,
and THE UNITED STATES OF AMERICA,

    Defendants.

**DEFENDANT UNITED STATES OF AMERICA'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT AND TO STRIKE
<u>USA'S TWELFTH AFFIRMATIVE DEFENSE</u>**

       Under the Federal Tort Claims Act ("FTCA"), the sovereign immunity of the United States is waived to the extent that a federal employee may be held liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). This FTCA statutory standard is further defined in another statutory provision to indicate that the "United States shall be liable...in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The phrase "like circumstances" does not mean "identical circumstances." Rather, that phrase requires that the appropriate analog under state law be applied to the case. As the Supreme Court, the Fourth Circuit, and other federal appellate courts have held, "The national government is never situated identically to private parties. Our task is to find a fitting analog under private law." *Carter v. United States*, 982 F.2d 1141, 1144 (7th Cir. 1992). *See also United States v. Olson*, 546 U.S. 43, 46 (2005) (explaining that the

"words 'like circumstances' do not restrict a court's inquiry to the *same circumstances*, but require it to look further afield" (quotation omitted)); *Bragg v. United States*, 2012 WL 2899317 \*3 (4th Cir. 2012) (stating that the statutory standard only requires "similar" not "identical" circumstances, citing *Carter*).

The Fourth Circuit and this Court have long recognized that the Medical Professional Liability Act (MPLA), W.Va. Code § 55-7B-1, *et seq.*, applies in FTCA cases alleging medical negligence occurring in West Virginia. *See Butts v. United States*, 930 F.3d 234, 238-39 (4th Cir. 2019); *Pearson v. Panaguiton*, 699 Fed.Appx. 174 (4th Cir. 2017); *Simms v. United States*, 839 F.3d 364, 370-73 (4th Cir. 2016); *Drennen v. United States*, 375 Fed.Appx. 299 (4th Cir. 2010); *Bellomy v. United States*, 888 F.Supp. 760 (S.D.W.Va. 1995). In addition, this Court and other courts have consistently held that the caps contained in the MPLA on noneconomic damages (W.Va. Code § 55-7B-8) apply in FTCA cases. *See Simms v. United States*, 107 F.Supp.3d 561, 578-79 (S.D.W.Va. 2015), *aff'd in part, vacated in part*, 839 F.3d 364 (4th Cir. 2016); *Goodman v. United States*, 2019 WL 3072594 (S.D.W.Va. 2019); *Lambert v. United States*, 2016 WL 6782748 (S.D.W.Va. 2016) (involving the same federally supported clinic involved in this case); *Dawson v. United States*, 11 F.Supp.3d 647, 663-64 (N.D.W.Va. 2014); *Wilson v. United States*, 375 F.Supp.2d 467 (E.D.Va. 2005).

However, despite the precedents from the Fourth Circuit and this Court, plaintiffs now contend that since the United States does not provide professional liability insurance to cover individuals employed by federally supported clinics, such as certified nurse midwife Debra Crowder of Access Health who has been deemed to be a federal employee under 42 U.S.C. § 233 in this case, the United States' ability to rely on the limitation on noneconomic damages under

2

the MPLA (W.Va. Code § 55-7B-8), must be denied. This argument is based on the statutory language contained in W.Va. Code § 55-7B-8(d) which states: "The limitations on noneconomic damages contained in subsections (a), (b), (c) and (e) of this section are not available to any defendant in an action pursuant to this article which does not have medical professional liability insurance in the aggregate amount of at least $1 million for each occurrence covering the medical injury which is the subject of the action." *Id.* The problem with this argument is that it fails due to the sovereign immunity of the United States and because the United States provides the functional equivalent of such medical professional liability coverage through the FTCA.

Plaintiffs have fail to understand that the source of the liability of the United States is the FTCA and not state law. While state law may indicate how a private party may be treated for liability purposes under state law, the liability of the United States under the FTCA is defined by the scope of the waiver of sovereign immunity under the FTCA enacted by Congress and not state law. The sovereign immunity of the United States protects the United States and its employees from certain licensing and other state law requirements in FTCA cases even when substantive state law is applied to define the liability of federal and deemed employees as required under 28 U.S.C. §§ 1346(b), 2674. *See Starns v. United States*, 923 F.2d 34, 37 (4th Cir. 1991); *Johnson v. United States*, 394 F.Supp.2d 854, 856-57 (S.D.W.Va. 2005).

Federal courts have held that certain state law licensing requirements and requirements regarding proof of professional liability insurance coverage do not apply in FTCA cases due to the sovereign immunity of the United States. Several circuits have considered arguments similar to those which have been made by the Plaintiffs in this case and have concluded that the United States was entitled to the take advantage of damages caps in medical malpractice cases under the

3

FTCA despite the alleged failure of the United States to provide proof of professional liability insurance coverage and to meet other certain statutorily imposed requirements. The courts held that the federal government may take nevertheless take advantage of caps limiting damages under these circumstances because state law cannot limit or control the scope of the waiver of sovereign immunity under the FTCA. The courts have held that the appropriate FTCA private liability analog under state substantive law will still apply to allow the United States to take advantage of the cap on damages even though the state law analog under the FTCA is not totally identical to all of the requirements that must be met by private parties under state law due to the sovereign immunity of the United States. *See Starns v. United States*, 923 F.2d 34, 37 (4th Cir. 1991) (allowing the United States to take advantage of Virginia's cap on certain damages in medical malpractice caps despite fact United States was not licensed health care provider under Virginia law). *See also Haceesa v. United States*, 309 F.3d 722, 726 (10th Cir. 2002), *cert. denied*, 540 U.S. 814 (2003) (allowing the federal government to take advantage of caps on damages in malpractice cases even though statutory requirements for proof of professional liability insurance were not met); *Carter v. United States*, 982 F.2d 1141, 1143–44 (7th Cir. 1992) (same); *Lozada v. United States*, 974 F.2d 986, 987 (8th Cir. 1992) (same); *Owen v. United States*, 935 F.2d 734, 737–38 (5th Cir. 1991) (same); *Taylor v. United States*, 821 F.2d 1428, 1431–32 (9th Cir. 1987) (same); *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986) (same). "The rationale supporting these holdings is that (1) the FTCA refers to like circumstances rather than identical circumstances, (2) the financial responsibility of the United States is assured, and (3) its failure to contribute to a compensation fund is immaterial because (unlike qualified providers) it must pay its liabilities without resort to the compensation fund."

*Haceesa*, 309 F.3d at 726 (footnote omitted). *See also Hill v. United States*, 81 F.3d 118, 121 (10th Cir. 1996) (citing, inter alia, *Carter*, *Lozada*, and *Owen*, and stating, "These cases stand for the proposition that where there is a specific cap on tort liability, the United States government may benefit from this limit although it did not otherwise participate in the statutory scheme which provides the cap ...."). This Court has endorsed and approved of the holdings in these cases. *See Johnson*, 394 F.Supp.2d at 857n.4 (citing *Haceesa*, *Starns*, and *Taylor* with approval).

In the alternative, even if the professional liability insurance provision of W.Va. Code § 55-7B-8(d) applies in this case, the United States has met the provisions of W.Va. Code § 55-7B-8(d) through the FTCA and the judgment fund established by Congress. While the individuals deemed employees under 42 U.S.C. § 233 may not have proof of a paper professional liability insurance policy, they are covered by an even better insurance policy--a statutory self-insurance policy provided by Congress and the federal government. The coverage afforded to the federal government, federal employees, and deemed federal employees under the FTCA is essentially a form of self-insurance which spreads the liability risk among the taxpayers by using the public treasury to pay damages awarded under FTCA. *See Rayonier v. United States*, 352 U.S. 315, 320 (1957) (recognizing that damages from FTCA claims are paid from the public treasury which spreads the risk for such damages among the taxpayers).

The United States has provided the functional equivalent of professional liability insurance to cover deemed employees such as Ms. Crowder which meets the requirements of W.Va. Code § 55-7B-8(d). *See* 42 U.S.C. § 233. By providing the functional equivalent of such coverage, the United States has still substantively met the requirements of W.Va. Code § 55-7B-8(d). In *Nationwide Mutual Insurance Co. v. United States*, 3 F.3d 1392 (10th Cir. 1993), the

5

court held that such functional equivalency allows the federal government to be able to take advantage of a state's special immunity provisions:

> In light of these principles, and the fact that the Supremacy Clause of Article VI of the U.S. Constitution precludes Colorado from requiring the United States to maintain insurance with a Colorado licensed insurer (a fact Colorado itself recognizes), it seems to us that so long as the United States *provides protection that is equivalent to that which Colorado can and does require of private parties, the United States should be able to take advantage of the immunity that Colorado law offers to private parties*. Accordingly, since the United States functionally complied with the requirements of § 10–4–713(1) *by maintaining a financially responsible system of self-insurance, we conclude that the United States was in "like circumstances" to a private individual who actually procured insurance from a Colorado licensed insurer.*

*Id.* at 1396-97. The coverage afforded by the FTCA is just like being insured. *See Continental Insurance Co. v. United States*, 335 F.Supp.2d 535, 542 (D.N.J. 2004) ("Given the holdings of the cases discussed earlier finding that the U.S. must be considered in like circumstances to other private individuals who have complied with the state insurance requirements, and the fact that the U.S. is self-insured leads to the conclusion that the U.S. should be considered an insured tortfeasor for the purposes of this case as well.").

Here, the United States provides coverage in excess of the $1,000,000 per occurrence coverage required by W.Va. Code § 55-7B-8(d). Under the FTCA, the United States is obligated to pay for verdicts in excess of $1,000,000 per occurrence. *See Simms v. United States*, 107 F.Supp.3d 561, 578-79 (S.D.W.Va. 2015), *aff'd in part, vacated in part*, 839 F.3d 364 (4th Cir. 2016). Thus, the employees and deemed employees of the United States are the functional equivalents of health care providers who carry professional liability insurance who meet the requirements of W.Va. Code § 55-7B-8(d). *See Nationwide Mutual Insurance Co.,* 3 F.3d at 1396-97; *Continental Insurance Co. v. United States*, 335 F.Supp.2d at 542. As previously

described, the private person analog under 28 U.S.C. §§ 1346(b), 2675 need not be identical. *See United States v. Olson*, 546 U.S. at 46; *Bragg v. United States*, 2012 WL 2899317 at *3; *Carter*, 982 F.2d at 1144.

In summary, the United States may take advantage of the caps on noneconomic damages contained in W.Va. Code § 55-7B-8 even though it employees may not technically meet the requirements of provisions of W.Va. Code § 55-7B-8(d). The FTCA defines the scope of sovereign immunity of the United States under the FTCA, not West Virginia law. The United States has not waived it sovereign immunity under the FTCA so as to allow state law to require its employees and deemed employees to comply with the professional liability insurance requirements imposed by W.Va. Code § 55-7B-8(d) before being able to take advantage of the cap on noneconomic damages contained in W.Va. Code § 55-7B-8. Nevertheless, the United States still has functionally met the requirements of W.Va. Code § 55-7B-8(d) because the FTCA provides the functional equivalent of the professional liability insurance coverage required by W.Va. Code § 55-7B-8(d). Thus, there is no legal basis to support the plaintiffs' motion for partial summary judgment and to strike the twelfth affirmative defense of the United States, and, therefore, that motion should be denied.

Respectfully submitted,

**MICHAEL B. STUART**
**United States Attorney**


**s/Fred B. Westfall, Jr.**
Fred B. Westfall, Jr. (WV Bar No. 3992)
Assistant United States Attorney
P.O. Box 1713
Charleston, WV 25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov
Counsel for Defendant United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

RYAN HYSELL and CRYSTAL HYSELL,
on behalf of their daughter, A.H., a minor,

       Plaintiffs,

v.                                          Civil Action No. 5:18-cv-01375

RALEIGH GENERAL HOSPITAL,
and THE UNITED STATES OF AMERICA,

       Defendants.

## CERTIFICATE OF SERVICE

       I hereby certify that on February 17, 2020, I electronically filed the foregoing with the **DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO STRIKE USA'S TWELFTH AFFIRMATIVE DEFENSE** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

       Christopher T. Nace
       Barry J. Nace
       Matthew A. Nace
       Paulson & Nace, PLLC
       1025 Thomas Jefferson Street NW
       Suite 810
       Washington, D.C. 20007
       Counsel for Plaintiffs

       D.C. Offutt, Jr.
       I. Matthew Mains
       Offutt Nord PLLC
       949 Third Avenue, Suite 300
       P. O. Box 2868
       Huntington, WV 25728-2868
       Counsel for defendant Raleigh General Hospital

**s/ Fred B. Westfall, Jr.**
Fred B. Westfall, Jr. (WV Bar No. 3992)
Assistant United States Attorney
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov
*Counsel for Defendant United States of America*