UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

RYAN HYSELL and CRYSTAL HYSELL, on
behalf of their daughter, A.H., a minor,

      Plaintiffs,

v.                                                              CIVIL ACTION NO.  5:18-cv-01375

RALEIGH GENERAL HOSPITAL and
THE UNITED STATES OF AMERICA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the motions in limine filed by the United States [Docs. 130, 132, 134, 136, 138, 140]. The matters are ready for adjudication.

### I.

**A.**  **Golden Rule Arguments**

The United States seeks an order precluding Plaintiffs Ryan and Crystal Hysell from making any Golden Rule arguments at trial [Doc. 131].[1] The Hysells oppose the request only to the extent "it seeks an additional vague assertion to 'other arguments based on sending a message' without specifying what the arguments are." [Doc. 160 at 1].

The Court **GRANTS** the motion insofar as it seeks to block any variation of the Golden Rule argument.  Any disagreement respecting the scope of the ruling may be addressed at trial.

---

[1] The Golden Rule argument encourages a fact finder to stand in the shoes of the Plaintiffs.

B.      **Evidence of Damages Not Already Disclosed**

The United States seeks "an order barring the plaintiffs from using at trial any evidence or documentation regarding damages not previously disclosed." [Doc. 132 at 2]. The Hysells do not contest the motion insofar as it seeks to "preclude [them] from introducing new medical bills or economic damages that should have been disclosed during discovery." [Doc. 161].

The Court **GRANTS** the motion to that extent, and any disagreement respecting the scope of the ruling may be addressed at trial.

C.      **Evidence of Excess Amounts Paid for Medical Expenses**

The United States seeks "an order excluding any evidence of amounts paid for past medical expenses in excess of amounts actually paid for or on behalf of the plaintiffs." [Doc. 134 at 2]. In support, the United States argues that the applicable law -- the West Virginia Medical Professional Liability Act (the "WVMPLA") -- limits damages for past medical expenses to only the amounts "actually paid for or on behalf of the plaintiffs" and those "which have been incurred but not paid by or on behalf of the plaintiffs for which the plaintiffs or someone on the plaintiffs' behalf is obligated to pay." [*Id.* at 1]. The Hysells respond that the United States is wholly misinterpreting the provision of the WVMPLA. They assert that West Virginia Code § 55-7B-9d, by its title "Adjustment of Verdict for Past Medical Expenses" and terms, first requires the existence of a verdict for operation [Doc. 164 at 1–2].

The parties are directed to the recent decision in *Estate of Burns* ex rel. *Vance v. Cohen*, No. 5:18-CV-00888, 2020 WL 3271047 (S.D. W. Va. Jun. 17, 2020). The Court **GRANTS** the motion [**Doc. 134**] to the extent of the ruling in *Vance*, and any disagreement respecting the scope of the ruling may be addressed at trial.

2

D.      **"Learned Treatises" Not Previously Produced or Discussed**

The United States seeks "an order barring and precluding the plaintiffs and their counsel from introducing into evidence and/or using any publications, articles, textbooks, treatises or literature for any purpose during the trial of this civil action which have not already been produced or disclosed." [Doc. 136 at 2]. In support, the United States asserts that it served "interrogatories and requests for production" for any of the above listed materials the Hysells intended to use at trial or that would be relied upon by their experts. The United States notes that the Hysells have disclosed a limited number of such materials and discovery has closed and, thus, must be barred from disclosing any further publications to avoid unfair surprise.

Inasmuch as there is no specific treatise the United States seeks to exclude, the Court **DENIES** the motion without prejudice. The United States may move anew if circumstances warrant.

E.      **Testimony of John Fassett, CNM**

The United States seeks to exclude John Fassett's expert testimony under both the WVMPLA and the Federal Rules of Evidence [Doc. 138]. The United States contends that "Mr. Fassett's expert testimony should be excluded as it [is] speculative, misleading, and is insufficient to meet the proximate cause requirements of W. Va. Code § 55-7B-3." [Doc. 139 at 8].

The Hysells, in response, argue that the motion is wholly frivolous and request that the Court issue costs against the United States "for the filing of such a frivolous motion and its refusal to withdraw it when requested to do so." [Doc. 156 at 2]. The Hysells contend the request inappropriately would require an expert witness to present causation testimony in addition to an opinion respecting breach of the standard of care.

Mr. Fassett's testimony does not violate the WVMPLA simply because he omits a causation opinion to supplement his standard of care testimony. It appears the Hysells offer two other causation expert opinions. Having so ruled, the Hysells' mere disagreement with the substance of a motion does not warrant the award of costs. The motion and request for costs are **DENIED**.

F.   **Testimony of Iqbal O'Meara, M.D.**

The United States seeks the exclusion of testimony related to the United States or Debra Crowder by Dr. A.M. Iqbal O'Meara, M.D. The United States contends that Dr. O'Meara lacks the education, training, or experience necessary to provide standard of care opinions regarding Ms. Crowder, a certified nurse midwife [Doc. 141]. Moreover, the United States argues that Dr. O'Meara "has not testified that she has any standard of care opinions applicable to Ms. Crowder." [*Id.*].

The Court has previously denied [Doc. 194] a similar request. Consistent therewith, the Court concludes that Dr. O'Meara is not unqualified solely because she is not a certified nurse midwife. The Court **DENIES** the motion.

The Clerk is directed to send a copy of this Order to counsel of record and to any unrepresented party.

ENTERED: September 27, 2020

Frank W. Volk
United States District Judge

4