UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

RYAN HYSELL and CRYSTAL HYSELL, on
behalf of their daughter, A.H., a minor,

    Plaintiffs,

v.                      CIVIL ACTION NO.  5:18-cv-01375

RALEIGH GENERAL HOSPITAL, and
THE UNITED STATES OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Raleigh General Hospital's Motion to Strike Testimony of Patricia Connors, R.N. [Doc. 264]. As discussed below, the Court **DENIES** the motion.

Trial commenced May 18, 2021, and is ongoing. Ms. Connors testified on May 20, 2021, "as to the national standard of care applicable to a labor and delivery nurse based upon her forty years of experience in the field, her education and training, her experience as an educator of nurses, and her familiarity with nursing literature." [Doc. 269 at 1].

*Federal Rule of Evidence* 702 imposes a gatekeeping obligation on the undersigned to ensure the "relevance and reliability" of expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). The Advisory Committee note to Rule 702 states as follows:

> As the Court in *Daubert* stated: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." 509 U.S. at 595. Likewise, this amendment is not intended to provide an excuse for an automatic challenge to the testimony of every expert. *See Kumho Tire Co. v. Carmichael*, [143 L. Ed. 2d 238,] 119 S.Ct. 1167, 1176 (1999).

Fed. R. Evid. 702 advisory committee note.

Nevertheless, the opinion must be based on scientific, technical, or other specialized knowledge – not simply belief or speculation. *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999); *see also Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The testimony must "rest on a reliable foundation and [be] relevant to the task at hand." *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017) (quoting *Daubert*, 509 U.S. at 593); *see also Kumho Tire Co., Ltd.*, 526 U.S. at 141.

The totality of Ms. Connors' testimony does not suggest a lack of specialized knowledge that would warrant a striking order. Nor is it patently unreliable. The Movant relies, in part, upon *E.E.O.C. v. Freeman*, 778 F.3d 463 (4th Cir. 2015). It contends the rate of error is related to establishing whether an expert has scientific knowledge. [Doc. 264 at 2]. In *Freeman*, however, the district court "found a 'mind-boggling' number of errors and unexplained discrepancies" in the subject expert's database. *Freeman*, 778 F.3d at 467. The "mind-boggling" amount resulted in an "impossibility" of relying upon "any of his conclusions." *Id*. Here, unlike in *Freeman*, the Court does not detect a "mind-boggling" -- nor even an "Earth is flat" -- variance of error and discrepancy from the testimony uttered by Ms. Connors. [Doc. 264 at 2]. Ms. Connors simply disclosed she was unaware of the American Academy of Pediatricians' view that the subject level was between fifty and sixty percent in utero. The Movant has likewise not shown that her expressed views were "outside the range where experts might reasonably differ" given the balance of the evidence in the case. *Freeman*, 778 F.3d at 467.

Respecting relevance, the "proposed expert testimony must have a valid scientific connection to the pertinent inquiry." *Nease*, 848 F.3d at 229 (quoting *Daubert*, 509 U.S. at 592) (internal citation omitted); *see also Kumho Tire Co., Ltd.*, 526 U.S. 137. First, Ms. Connors does not deny the valid use of an SaO2 level, nor did she speculate or theorize concerning its

2

importance. The task at hand for Ms. Connors was primarily to testify about the fetal monitoring strips. She was qualified without objection as an expert in the field of labor and delivery nursing and offered testimony in relation to monitoring and interpretation of fetal monitoring strips. [Doc. 269 at 2]. Striking Ms. Connors' testimony in its entirety is unwarranted. Plaintiffs are correct that a "single answer to a single question unrelated to the standard of care opinions offered by Nurse Connors" does not lead to the scrubbing of her entire testimony. [Doc. 269 at 3]. This is especially so given her forty plus years of experience in labor and delivery, her applicable experience in fetal monitoring strips, certifications, publications, journal articles, relevant committee positions, lectures, and overall work in the field of nursing.

The remedy under the circumstances, and the one cogently chosen by counsel at the time, was and is cross-examination and counterevidence.

### III.

For the foregoing reasons, the Court **DENIES** the Defendant's Motion to Strike Testimony of Patricia Connors, R.N. [**Doc. 264**].

The Clerk is directed to send a copy of this written opinion and order forthwith to counsel of record in this matter.

ENTER: June 2, 2021

Frank W. Volk
United States District Judge