IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

RYAN HYSELL and CRYSTAL HYSELL, on
behalf of their daughter, A.H., a minor,

           Plaintiffs,

v.                                        CIVIL ACTION NO.  5:18-cv-01375

RALEIGH GENERAL HOSPITAL, *et al.*,

           Defendants.

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Raleigh General Hospital's ("RGH") Motion for a Collateral Sources Hearing Pursuant to the West Virginia Medical Professional Liability Act [Doc. 317].

**I.**

The Court conducted a jury trial in this action from May 18, 2021, through June 2, 2021. At the close of trial, the jury returned a verdict for the Plaintiffs and awarded them a total of $10,837,527 in damages, distributed as follows: (1) $837,527 for future lost earnings; (2) $9,000,000 for future medical treatment, attendant care, and other therapies; and (3) $1,000,000 for noneconomic losses.

**II.**

West Virginia recognizes the common law collateral source rule wherein a tortfeasor is not permitted to receive an offset or credit against an injured party for payment received by other sources. *See Kenney v. Liston*, 233 W. Va. 620, 626, 760 S.E.2d 434, 440 (2014). However, the West Virginia Medical Professional Liability Act ("MPLA") modifies the common

law collateral source rule in the context of medical professional liability actions. *Manor Care, Inc. v. Douglas*, 234 W. Va. 57, 763 S.E.2d 73 (2014). "The statute entitles a defendant to a post-verdict, prejudgment hearing regarding payments received by the plaintiff from collateral sources." *Simms v. United States*, 839 F.3d 364, 370 (4th Cir. 2016); *see* W. Va. Code § 55–7B–9a(a) ("[A] defendant who has been found liable to the plaintiff for damages for medical care, rehabilitation services, lost earnings or other economic losses may present to the court, after the trier of fact has rendered a verdict, but before entry of judgment, evidence of payments the plaintiff has received for the same injury from collateral sources."). The MPLA defines a collateral source as "a source of benefits or advantages for economic loss that the claimant has received from: (1) [a]ny federal or state act, public program or insurance which provides payments for medical expenses . . . ." W. Va. Code § 55-7B-2(b).

### III.

The parties do not dispute that Plaintiffs are provided healthcare coverage through West Virginia Medicaid. Medicaid qualifies as a collateral source as it is a public program providing payments for medical expenses. Inasmuch as Plaintiffs receive payments from a collateral source, a hearing regarding the same is appropriate. However, pending are RGH's post-trial Rules 50 and 59 motions.

Accordingly, the motion is **DENIED** without prejudice [**Doc. 317**]. The requested hearing will be set upon a renewed motion following the entry of a ruling on RGH's post-trial Rules 50 and 59 motions.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTERED: July 26, 2021



Frank W. Volk
United States District Judge

2