**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

RYAN HYSELL and CRYSTAL HYSELL,
on behalf of their daughter, A.H., a minor,

      Plaintiffs,

v.                                    Civil Action No. 5:18-cv-01375

RALEIGH GENERAL HOSPITAL,
and THE UNITED STATES OF AMERICA,

      Defendants.

**DEFENDANT UNITED STATES OF AMERICA'S
<u>OBJECTIONS TO PLAINTIFFS' BILL OF COSTS</u>**

## I.   INTRODUCTION

On April 29, 2022, Plaintiffs presented a bill of costs to the Court requesting an award of taxable costs against the United States for $71,950.04, encompassing the following:

| | |
|---|---|
| Fees of the Clerk | $409.50 |
| Fees for service of summons and subpoena | $1,376.75 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $14,902.97 |
| Fees and disbursements for printing | $2,656.02 |
| Fees for witnesses | $23,903.89 |
| Other costs | $28,700.91[1] |
| Total | $71,950.04 |

---

[1] While Plaintiffs list "other costs" in the amount of $28,700.91, the itemization of those costs totals $21,254.24. (*Compare* ECF No. 345 at 1, *with* ECF No. 345-11 at 2.)

1

(ECF No. 345 at 1.)  The United States first objects to Plaintiffs' request for an award of taxable

costs in its entirety because the United States believes that the verdict and the judgment of the

Court are not supported by federal law or the evidence presented at the trial of this case.  (*See*

*generally* ECF Nos. 343, 344.)  At minimum, "the position of the United States was substantially

justified," rendering an award of costs inappropriate.  *See* 28 U.S.C. § 2412(d)(1)(A).  Without

waiving those objections, the United States also objects and contends that Plaintiffs are not entitled

under federal law and the sovereign immunity of the United States to recover what is listed in their

bill of costs with the exception of the Clerk's filing fee, costs associated with serving summons on

the United States, and the costs of obtaining original transcripts of depositions whose contents

were considered by the Court.  However, even for those costs, there is no way for the Court to

independently verify the accuracy of those costs as Plaintiffs did not attach a single invoice or

supporting document to the bill of costs.  The United States requests that the Court require

Plaintiffs to provide supporting documentation for the small amount of taxable costs prior to

resolving the bill of costs.

## II.  COSTS AGAINST THE UNITED STATES CAN ONLY BE IMPOSED TO THE EXTENT PERMITTED BY FEDERAL LAW

Federal Rule of Civil Procedure 54 states the applicable rule respecting taxation of costs

against the United States as follows:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—
> other than attorneys' fees—should be allowed as of course to the prevailing party.
> ***But costs against the United States, its officers, and its agencies may be imposed
> only to the extent permitted by law***.

Fed. R. Civ. P. 54(d)(1) (emphasis added).

The general federal statute governing costs which may be awarded against the United

States is 28 U.S.C. § 2412.   That statute provides the following:

> ***Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title***, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(a)(1) (emphasis added).  *See also* § 2412(d)(1)(A) (noting that an award of costs is not appropriate when "the court finds that the position of the United States was substantially justified").  Further, federal statute requires a bill of costs to be verified by an affidavit provided by the party, or the party's attorney or authorized agent.  *See* 28 U.S.C. § 1924.  (*See also* ECF No. 345 at 2 (quoting § 1924).)

As § 2412(a)(1) references, the specific costs which may be awarded against the United States are explicitly listed in 28 U.S.C. § 1920.  Section 1920 provides that the United States may be taxed only for the following costs that were necessary in the litigation:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As such, costs not expressly and specifically set forth in § 1920 or other applicable cost statutes are not recoverable against the United States.  *See* 28 U.S.C. § 2412(a)(1); Fed. R. Civ. P. 54(d)(1).  The United States has not waived its sovereign immunity to allow recovery for costs

outside of those statutory parameters, and, therefore, costs not included in those statutes cannot be awarded or taxed against the United States.  *See F.T.C. v. Kuykendall*, 466 F.3d 1149, 1154–56 (10th Cir. 2006); *Markle v. United States*, No. 3:13-CV-138, 2016 WL 3033747, at *1 (N.D. W. Va. May 26, 2016).  Importantly, the party submitting a bill of costs to the court "bears the burden of demonstrating that the costs sought were 'necessarily obtained for use in the case,'" and "the court must examine the costs with 'careful scrutiny.'"  *Butts v. United States*, No. 3:16-CV-53, 2018 WL 2007056, at *2 (N.D. W. Va. Apr. 30, 2018) (citation omitted), *vacated on other grounds*, 2019 WL 6000378, at *1 (N.D. W. Va. Sept. 20, 2019).

The interplay between Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §§ 1920 and 2412 has been discussed in some detail by the Supreme Court.  While Rule 54(d)(1) states that costs should be allowed to a prevailing party, that same rule also allows a district court discretion to refuse to award costs to a prevailing party.  Section 2412 also states that an award of costs is discretionary.  However, if taxable costs are awarded by the district court to a prevailing party, then the district court is limited to award only those costs specifically permitted by statute.  The discretion in Rule 54(d)(1) and § 2412 allows a district court to decline a request for costs, but that discretion does not allow a court to grant costs in excess of what is specifically delineated by statute, namely 28 U.S.C. § 1920.  *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987) [hereinafter *Crawford*].  As such, the Court is wholly within its discretion to decline a request for costs "in a case that presented close and difficult issues to be decided" and that was "credibility intensive."  *See Walker v. W. Publ'g Corp.*, No. 5:09–cv–00723, 2012 WL 3927029, at *5 (S.D. W. Va. Sept. 7, 2012).

In *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560 (2012), the Supreme Court further explained the interplay between Rule 54(d)(1) and § 1920 as well as the principles set forth in

*Crawford*.   Again, the Supreme Court emphasized that the costs to be awarded pursuant to 28 U.S.C. § 1920 are *only* those specific costs listed in that statute.   *See Taniguchi*, 566 U.S. at 565 (noting that the Supreme Court has "rejected the view that 'the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in § 1920'" (quoting *Crawford*, 482 U.S. at 441)); *see also Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006) [hereinafter *Arlington*].   Moreover, the permissible cost categories set forth in 28 U.S.C. § 1920 are not to be interpreted broadly.   Rather, as the Supreme Court explained in the following excerpt, the statutory cost categories are to be given their ordinary meaning and are not to be interpreted so broadly to include various potential ancillary or collateral costs:

> But ***we have never held that Rule 54(d) creates a presumption of statutory construction in favor of the broadest possible reading of the costs enumerated in § 1920***. To the contrary, we have made clear that the "discretion granted by Rule 54(d) is not a power to evade" the specific categories of costs set forth by Congress. *Crawford Fitting*, 482 U.S.[] at 442[].  "Rather," we have said, "***it is solely a power to decline to tax, as costs, the items enumerated in § 1920***." *Ibid.*  Rule 54(d) thus provides no sound basis for casting aside the ordinary meaning of the various items enumerated in the costs statute . . . .
>
> ***Our decision is in keeping with the narrow scope of taxable costs***.  "Although 'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant." 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2666, pp. 202–203 (3d ed.1998) (hereinafter Wright & Miller). ***Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts***.  Indeed, "the assessment of costs most often is merely a clerical matter that can be done by the court clerk." *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 656 ([7th Cir.] 1981). ***Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators***. It comes as little surprise, therefore, that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." 10 Wright & Miller § 2666, at 203. Because taxable costs are limited by statute and are modest in scope, ***we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920***.

*Taniguchi*, 566 U.S. at 572–73.

As an example of the rule of interpreting the cost categories § 1920 by their usual and ordinary meaning, the Supreme Court held in *Taniguchi* that the term "special interpretation services" contained in 28 U.S.C. § 1920(6) meant interpretation services related to oral conversations only. *See id.* at 571. The Court concluded that the term "interpreter," in its ordinary meaning, related to oral translations of conversations and not to the translation of written documents. *See id.* at 571–72. Thus, the Court refused under § 1920(6) to award costs for the translation of documents introduced as evidence in court, which would have amounted to adopting an impermissible, expansive definition for "special interpretation services." This emphasizes the basic principle of § 1920 that taxable costs under that statute are narrow in scope. *See id.* at 573.

In summary, an award of costs against the United States is discretionary under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. §§ 1920 and 2412, but if costs are awarded, then it can be only those costs expressly and specifically permitted by statute. The statute permitting an award of costs must be interpreted by giving the terms of the costs to be awarded their ordinary meaning and must not be interpreted expansively. *See Taniguchi*, 566 U.S. at 566–74; *Crawford*, 482 U.S. at 441–42.

### III.  THE COURT CANNOT AWARD NON-TAXABLE COSTS

#### A.  PACER fees

First, "28 U.S.C. § 1920 does not recognize recovery for PACER fees." *Gariety v. Grant Thornton, LLP*, Nos. 2:99-cv-0992, 2:00-cv-1115, 1:02-cv-0344, 2007 WL 9719079, at *2 (S.D. W. Va. June 29, 2007) (citing *Bandera v. City of Quincy*, 220 F. Supp. 2d 26, 47–48 (D. Mass. 2002)). "Because the statute is strictly construed, these costs are not taxable." *Id.*

A portion of Plaintiffs' costs for "fees of the Clerk" includes a $9.50 charge for "documents" from "Pacer Service Center" following the conclusion of the trial in this matter. (ECF No. 345-1 (billed on July 13, 2021).)  This cost is non-taxable, and the bill of costs must be reduced initially by $9.50.

**B.  Costs associated with serving a co-defendant**

Insofar as Plaintiffs have prevailed on their claims against the United States at this stage of litigation, they may only recover taxable costs that were "necessarily incurred" to succeed in their case against the United States.  28 U.S.C. § 1924.  Therefore, fees solely attributable to Plaintiffs' claims against the United States' co-defendant cannot be taxed against the United States.  *See O'Bryhim v. Reliance Standard Life Ins. Co.*, 997 F. Supp. 728, 738 (E.D. Va. 1998) (noting that costs incurred for a process server to serve the defendant against whom a bill of costs is filed are allowable under § 1920).

In Plaintiffs' explanation of "summons fees," Plaintiffs delineate two costs associated with serving summons on the United States.  (*See* ECF No. 345-2 (describing the first two items as "service of process to Department of [Health and Human Services]" and "service to the U.S. Dept. of Justice").)  However, the third cost is associated with a professional process server company used in serving process on the United States' co-defendant, Raleigh General Hospital.  (*See id.*)  Defendant Raleigh General Hospital recognized as much in its objections to the bill of costs, filed May 11, 2022.  (*See* ECF No. 348.)  Thus, this cost, which was not necessary in Plaintiffs' pursuant of their claims against the United States, is non-taxable, and the bill of costs must be further reduced by $1,220.00.

### C.  Transcript fees

As a preliminary matter, the United States notes that Plaintiffs have not provided to the Court any invoice related to the costs of transcripts contained in their itemization attached to the bill of costs.  (*See* Nos. 345, 345-3.)  Therefore, while the United States concedes that transcript costs for depositions of witnesses whose testimony was considered by the Court, whether in resolving dispositive motions or at trial, may be taxable under § 1920, *see LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) ("A district court should award costs when a deposition is used at trial or the taking of a deposition is reasonably necessary at the time of its taking."), the United States and the Court can only assume that Plaintiffs' listed costs are accurate.  Therefore, the United States urges the Court to require Plaintiffs to submit invoices reflecting the claimed amounts prior to granting any portion of the bill of costs related to transcript fees.

### i.   Copies of deposition transcripts

Amounts claimed for copies of depositions may only be included if the copy is obtained "for use during trial or for trial preparation, rather than for the mere convenience of counsel." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *see also Valdivia v. Ohse Foods, Inc.*, No. 91–4284, 1994 WL 116347, at *4 (D. Kan. Mar. 29, 1994) (noting that expenses for copies of deposition transcripts may only be recoverable "under the category of copies of papers, 28 U.S.C. § 1920(4), under certain circumstances").  Again, the burden is on the prevailing party to demonstrate the necessity of transcript copies.  *See Butts*, 2018 WL 2007056, at *2.

In the list of "transcript fees," Plaintiffs indicate that copies of deposition transcripts are included in the costs associated with the deposition transcripts of Debra Crowder, Alyce Perkowski, and Kathy Ball.  (*See* ECF No. 345-3.)  The three fees related to those transcripts are

$373.00, $745.00, and $210.00, respectively.  Not only are fees associated with the transcript copies—as opposed to the originals—not included in the category enumerated in 28 U.S.C. § 1920(2), *see Valdivia*, 1994 WL 116347, at *4, but Plaintiffs have not demonstrated why obtaining copies of those transcripts were necessary as opposed to merely convenient.  As such, those three amounts should be cut in half to $186.50, $372.50, and $105.00, respectively.  Accordingly, the bill of costs should be further reduced by $664.00

ii.     Costs of video service for Dr. Schorry's and Ms. Lampton's depositions

First, under 28 U.S.C. § 1920(2), the only deposition-related cost that is taxable is either a printed transcript or a video transcript of a deposition.  The statute, which must not be construed broadly, does not state that costs for both types of transcripts may be awarded or taxed as costs. *See, e.g.*, *Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1093 (E.D. Mo. 2014) (disallowing costs for electronically recorded transcript of deposition in addition to stenographic costs of deposition).  Nor does the statute allow for costs for videoconferencing fees.  Courts consider these fees simply a substitute for attorneys' regular travel costs, which are not taxable under § 1920. The statute provides only for the cost of the transcript as a taxable cost and not for any videoconferencing fees.

This issue was addressed in *Mims v. Arrow Financial Services, LLC*, 900 F. Supp. 2d 1336 (S.D. Fla. 2012).  The prevailing party in *Mims* sought to recover videoconferencing expenses as taxable costs for depositions.  The court concluded that 28 U.S.C. § 1920(2) permitted recovery for "electronically recorded transcripts," but that allowable cost did not include videoconferencing fees.  Rather, the videoconferencing fees were actually a substitute for travel, and, like travel expenses, could not be taxed as costs under 28 U.S.C. § 1920.  *See* 900 F. Supp. 2d at 1338–39; *see also Sanford v. Portfolio Recovery Assocs., LLC*, No. 12–cv–11526, 2013 WL 5476272, at *3

9

(E.D. Mich. Oct. 2, 2013) ("The costs of conducting a deposition by videoconference are analogous to travel costs, which are not recoverable under 28 U.S.C. § 1920.").

Plaintiffs include costs for both the "transcript of the deposition of Elizabeth Schorry, M.D." and the "video service for the deposition of Elizabeth Schorry, M.D." (ECF No. 345-3.) They also include costs for a "certified copy of the deposition of Laura Lampton" as well as "video conferencing for the deposition of Laura Lampton." (*Id.*) Based on the above, the cost for the videoconference services for the depositions of Dr. Schorry and Ms. Lampton should not be taxed. *Cf. Butts*, 2018 WL 2007056, at *4 (citing *Ramonas v. W. Va. Univ. Hosps.-E., Inc.*, No. 3:08-CV-136, 2010 WL 3282667, at *9 (N.D. W. Va. Aug. 19, 2010) (comparing the costs of videoconferencing to travel costs of counsel, which are non-taxable)) (declining to tax plaintiff's videoconference fee of $650.00). Because those costs were $137.00 and $450.00, respectively, the bill of costs should be further reduced by $587.00.

   iii.   Costs that are repetitive or accompanied by inadequate descriptions

First, duplicative entries should be deleted from a bill of costs. *See, e.g.*, *Parker v. Brush Wellman, Inc.*, Nos. 1:04-CV-606, 1:08-CV-2725, 2011 WL 13161958, at *2 (N.D. Ga. May 13, 2011), *reconsideration denied*, 2011 WL 13161959, at *1 (N.D. Ga. Oct. 6, 2011), *aff'd*, 486 F. App'x 778 (11th Cir. 2012). The only time such costs may be taxed is when the prevailing party justifies the reasonableness and necessity for the duplicated costs. *See Craig v. District of Columbia*, 197 F. Supp. 3d 268, 286 (D.D.C. 2016).

Plaintiffs' delineation of its "transcript fees" includes two entries for "Deposition of Jerome Barakos, MD" with no accompanying explanation as to why the duplicate entry was necessary or reasonable. (*See* ECF No. 345-3.) Therefore, even giving Plaintiffs the benefit of the doubt and taxing the higher of the two costs with the same description, the Court should delete the lesser

10

amount of the two, providing an invoice of that amount is supplied to the Court.  As such, the bill of costs should be further reduced by $1,168.00.

Because the burden is on Plaintiffs to demonstrate that the various transcript fees incurred were "necessarily obtained for use in the case," *Butts*, 2018 WL 2007056, at *2, no costs should be taxed for which the accompanying description is insufficient to provide the Court with any detail as to why the cost was incurred.  For example, five of the items simply state "Hysell, Aubrie" as the description.  (*See* ECF No. 345-3.)  Aubrie Hysell is the minor Plaintiff in this matter and was not deposed, nor could she be deposed due to her age and mental incapacities.  Thus, this description provides no justification as why the costs associated with those five entries ($1,090.85, $713.65, $408.38, $1,268.55, and $344.55) were incurred.  The bill of costs should be further reduced by the sum of these amounts, or $3,825.98.

Finally, for the same reasons associated with costs labeled "Hysell, Aubrie," the description "Deposition of Dry Run" does not provide the Court with any clue as to why that item's cost was necessary or reasonable.  (*See id.*)  Therefore, the bill of costs should be further reduced by $520.00.

iv.    Summation of transcript fees

Without challenging the costs associated with court reporter fees or deposition transcripts of the various witnesses whose testimony was relied on by the Court in resolving dispositive motions and factual disputes at trial—except to urge the Court to require Plaintiffs to provide invoices reflecting those amounts prior to resolving the bill of costs—the bill of costs should be further reduced by the sum of the disputed costs listed above.  In total, the bill of costs should be reduced for improper "transcript fees" by $6,764.98.

### D.  Printing costs

Printing costs may only be taxed where sufficient documentation accompanies the amount(s) claimed.  *See Smith v. Toyota Motor Corp.*, No. 2:16CV24, 2018 WL 3496491, at *4 (E.D. Mo. July 20, 2018) (finding that costs of printing and copying were not recoverable under § 1920 even though the party "provided the dates and the rate of the copies charged, but ha[d] not provided any description for the copies"); *see also Penford Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 09–CV–13, 2011 WL 10088365, at *3 (N.D. Iowa Feb. 10, 2011) (awarding printing expenses where the party "submitted thirty-eight pages of detailed invoices for the printing costs they [sought]").  Here, Plaintiffs provide no description or invoice associated with any printing cost.  (*See* ECF No. 345 at 1.)  Therefore, Plaintiffs have not met their burden of showing the necessity or reasonableness of those costs.  *Cf. Butts*, 2018 WL 2007056, at *5 ("While photocopying and printing costs are allowed under § 1920, the prevailing party 'cannot simply make unsubstantiated claims that copies of the documents were necessary.'" (citations omitted)); *Epling v. United States*, 958 F. Supp. 312, 313 (E.D. Ky. 1997) ("Although plaintiffs' motion is timely filed and contains an itemization of costs that they seek to have assessed against the United States, they have failed to argue . . . how these expenses fall within the waiver of sovereign immunity for litigation costs set forth in 28 U.S.C. § 1920.").  The bill of costs should be further reduced by $2,656.02.

### E.  Witness fees

It is well settled that witness fees are not recoverable as costs absent explicit statutory authority.  *See Arlington*, 548 U.S. at 292 ("[N]o statute will be construed as authorizing the taxation of witness fees as costs unless the statute 'refers explicitly to witness fees.'" (quoting *Crawford*, 482 U.S. at 445)).  Section 1920(3) of Title 28 only provides the general authority for

12

awarding "fees and disbursements for . . . witnesses." *See* § 1920(3). While § 1920 does not provide for expert witness fees, *see L & W Supply Corp. v. Acuity*, 475 F.3d 737, 739–41 (6th Cir. 2007) (holding that "expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920 does not provide for them"), 28 U.S.C. § 1821 governs what is actually allowed to be paid to witnesses who must appear at trial or be deposed. *See W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991) (discussing how § 1821(b) limits the witness fees authorized by § 1920(3)); *Markle*, 2016 WL 3033747, at *1 (noting that "fees of expert witnesses are recoverable, but only to the extent provided by § 1821"); *Cook v. Jones & Jordan Eng'g, Inc.*, No. 5:06-cv-00627, 2009 WL 3169152, at *7 (S.D. W. Va. Sept. 29, 2009) ("Expert fees can only be awarded to the extent that witness fees would be awarded under 28 U.S.C. § 1821.").

Section 1821 states as follows:

(b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

(c)

(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. ***A receipt or other evidence of actual cost shall be furnished.***

(2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

(3) Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon

> presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.
>
> (4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.
>
> (d)
> (1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

28 U.S.C. 1821(b)-(d)(2) (emphasis added).

Plaintiffs are entitled to a $40 attendance fee for each expert witness who testified at trial under § 1821(b).  They are not entitled to any other fee for the expert witnesses' preparation or testimony.  *See Crawford*, 482 U.S. at 442 ("It is therefore clear that when Congress meant to set a limit on fees, it knew how to do so.  We think that the inescapable effect of these sections in combination is that a federal court may tax expert witness fees in excess of the $30-per-day limit set out in § 1821(b) only when the witness is court-appointed.");[2] *Butts*, 2018 WL 2007056, at *4 (declining to tax "Treating Doctor Fee" that was required to have the doctor testify at trial because he was "not a court appointed expert and thus fees for him [were] limited to those fees provided for under § 1821(b)); *see also Taniguchi*, 566 U.S. at 574 n.8 ("[E]xpenses for experts and consultants are generally not taxable as costs.").  Further, because Plaintiffs have not provided any "receipt or other evidence of actual cost" for the travel of any witness, travel costs are not taxable. *See* § 1821(c)(1); *see also Markle*, 2016 WL 3033747 at *4 ("Plaintiff is not entitled to

---

[2] The Supreme Court in *Crawford* analyzed an older version of 28 U.S.C. § 1821(b), which only provided a $30-per-day witness fee limit.  That subsection was amended to increase the allowable per diem to $40-per-day by the *Judicial Improvements Act of 1990*, Pub. L. 101–650, § 314.

reimbursement for Dr. Gershwin's plane ticket in the amount of $1,845.00, rental car in the amount of $140.00 or town car service in the amount of $276.00.  The Plaintiff has not provided the [c]ourt with '[a] receipt or other evidence of actual cost' in regard to any of these three modes of transportation." (quoting § 1821(c))).

          i.    Dr. O'Meara

Plaintiffs list a total cost of $4,308.48 for costs associated with Dr. O'Meara.  (ECF No. 345 at 2.)  In Plaintiffs' break down of her fees, they simply list one line item for the total amount accompanied by the description, "Pretrial preparation, trial testimony, travel expenses."  (ECF No. 345-7.)  Pretrial preparation and trial testimony are not taxable beyond the $40-per-day allowance provided by § 1821(b).  Further, without receipts or evidence of the actual cost of Dr. O'Meara's travel, Plaintiffs are not entitled to her travel costs.  *See* § 1821(c)(1).  As such, Plaintiffs' costs for "witness fees" should be reduced by $4,308.48 less $40.00, for a total deduction of $4,268.48.

          ii.    Dr. Barakos

For Dr. Barakos, Plaintiffs list a total cost of $3,800.00.  (ECF No. 345 at 2.)  Similar to its delineation of Dr. O'Meara's costs, Plaintiffs simply list as his witness fees the single, total amount with the description, "Video Trial Testimony – Jerome Barakos, MD."  (ECF No. 345-9.)  Because an expert's trial testimony fee is not taxable under § 1920 or § 1821, Plaintiffs are not entitled to any cost for his testimony beyond $40.00.  Therefore, Plaintiffs' costs for "witness fees" should be reduced by $3,800.00 less $40.00, for a total deduction of $3,760.00.

          iii.    Nurse Connors

Plaintiffs list $2,500.00 in costs for Nurse Connors' witness fee.  (ECF No. 345 at 2.)  Like the previous two, Plaintiffs delineate one item of cost for her in the total amount with the description, "Trial Testimony – Patricia M. Connors, R.N."  (ECF No. 345-10.)  Because this is

not taxable, none of that cost is recoverable except for $40.00. Thus, Plaintiffs' costs for "witness fees" should be reduced by $2,500.00 less $40.00, for a total deduction of $2,460.00.

iv.   John Fassett

Plaintiffs associate a total cost of $6,715.41 for Mr. Fassett's witness fee. That cost is broken down into four categories: (1) a testimony fee in the amount of $5,000.00, (2) an airline ticket for $1,408.40, (3) a ticket service charge of $5.12, and (4) car service totaling $301.89. (ECF No. 345-4.)  For the same reasons above with respect to a testimony fee and travel charges without any supporting invoice or documentation, Plaintiffs may only recover the statutorily allotted $40.00 for Mr. Fassett's witness fee. Accordingly, Plaintiffs' costs for "witness fees" should be reduced by $6,715.41 less $40.00, for a total deduction of $6,675.41.

v.   Nurse Lampton

Plaintiffs include $1,580.00 in costs for Nurse Lampton in their bill of costs. (ECF No. 345 at 2.)  Like previous witnesses, Plaintiffs only delineate one item of cost for her in the total amount with the description, "Trial preparation and testimony." (ECF No. 345-5.)  This is not taxable, so none of that cost is recoverable except $40.00. Thus, Plaintiffs' costs for "witness fees" should be reduced by $1,580.00 less $40.00, for a total deduction of $1,540.00.

vi.   Dr. Rugino

Plaintiffs include a $5,000.00 fee for Dr. Rugino's testimony. (ECF No. 345 at 2.)  In its additional documentation, Plaintiffs list the total amount of his expert fee with the single description, "Trial testimony by Thomas A. Rugino, MD." (ECF No. 345-8.)  As this is not taxable, Plaintiffs cannot recover that cost; they are only entitled to the statute's allotted $40.00 fee. Thus, Plaintiffs' costs for "witness fees" should be reduced by $5,000.00 less $40.00, for a total deduction of $4,960.00.

16

vii.    Chad Staller

Finally, while Plaintiffs do not include Chad Staller in its list of witness fees on the bill of costs, (*see* ECF No. 345 at 2), they include an attachment listing "Trial preparation, expert testimony - Chad Staller" as the description for Mr. Staller's $3,170.00 fee, (ECF No. 345-6).  Like with the other expert witnesses, Plaintiffs are not entitled to Mr. Staller's fees for trial preparation or testimony.  They are only entitled to the $40.00 allowed by § 1821(b).  Consequently, Plaintiffs' bill of costs should be reduced by $3,170.00 less $40.00, for a total deduction of $3,130.00.[3]

viii.    Summation of witness fees

Based on the above analysis and lack of supporting documentation, Plaintiffs are only entitled to $40.00 per expert witness.  Therefore, the bill of costs should be further reduced by the sum of the deductions listed above.  In total, the total bill of costs should be reduced for improper "witness fees" by $26,793.89.

## F.  Other costs

Plaintiffs list myriad categories of other costs, including payments to entities from medical facilities and shipping companies to breweries and travel services.  None of what Plaintiffs include within their other costs, totaling $28,700.91 or $21,254.24, depending on whether the bill of costs or the attached itemized list is examined, (*compare* ECF No. 345 at 1, *with* ECF No. 345-11 at 2), is taxable under 28 U.S.C. § 1920.  Rather, all the costs appear to be incidental expenses regularly occurred in the course of litigation.  The various costs can be broken down into payments to the following types of entities: a shipping company, a gas station, a grocery store, a pharmacy, restaurants, travel agencies, airlines, hotels, a rental car company, parking providers, car sharing

---

[3] The United States notes that this $3,170.00 figure for Chad Staller is not included in the bill of cost's total calculation for witness fees.  (*See* ECF No. 345 at 1–2.)  Nevertheless, the United States will still characterize it as an improper witness fee for purposes of this section's total calculation of appropriate deductions.

and other car servicers, a mediator, medical record providers, a jury profiler, legal consultants, and a payroll company.  (*See generally* ECF No. 345-11.)  Unless Plaintiffs can provide alternative statutory authority supporting the taxation of these costs, they are not recoverable.

Case law exists to explicitly preclude the taxation of most of these categories.  For example, "shipping and handling expenses are not recoverable" as they are non-taxable "delivery expenses." *See Smith*, 2018 WL 3496491, at *2; *see also Marks Constr. Co., Inc. v. Huntington Nat'l Bank*, No. 1:05CV73, 2010 WL 3418329, at *15 (N.D. W. Va. Aug. 27, 2010) (denying "the plaintiffs' request for costs for postage and Federal Express expenses" as not allowable under Rule 54(d) or § 1920.  Further, costs for attorneys' travel and lodging expenses are not taxable under 28 U.S.C. § 1920.  *See, e.g.*, *Lever v. N.W. Univ.*, No. 84 C 11025, 1993 WL 257477, at *2 (N.D. Ill. July 8, 1993) (declining to tax defendants' reimbursement request for "two attorneys' travel, lodging, and car rental expenses incurred while attending [the plaintiff's] two-day deposition" as they "are not among the enumerated expenses that may be taxed as costs under 28 U.S.C. § 1920"); *see also Ramonas*, 2010 WL 3282667, at *9.  The prohibition against taxing the costs of travel includes expenses such as travel arrangements, air and ground transportation, gas, parking, lodging, and food and drink.  *See, e.g.*, *Shlikas v. Sallie Mae, Inc.*, No. 06-2106, 2011 WL 5825660, at *2 (D. Md. Nov. 16, 2011), *aff'd sub nom.*, *Shlikas v. Arrow Fin. Servs.*, 487 F. App'x 68 (4th Cir. 2012); *Cook*, 2009 WL 3169152, at *7 (finding that "meals . . . are not compensable under Federal Rule of Civil Procedure 54(d) or 28 U.S.C. § 1920, and will not be awarded").

Additionally, Plaintiffs cannot recover incidental costs of litigation like mediation fees or costs, *see Butts*, 2018 WL 2007056, at *6 ("Section 1920 does not allow for the recovery of the costs for mediation by a prevailing party, even if it was necessary or even required."); *see also Mota v. Univ. of Tex. Health Sci. Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001) (holding that a district

court abused its discretion under Rule 54(d) and § 1920 when it awarded mediation costs to the prevailing party), or the preparation of demonstrative trial exhibits, *see Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, No. 99–309, 2009 WL 3153496, at *3–5 (D. Del. Sept. 30, 2009) ("The court will also affirm the Clerk's denial of [defendant's] request for costs related to the preparation of exhibits and demonstrative aids."); *Qwest Corp. v. City of Portland*, No. 01-1005, 2007 WL 9811025, at *1 (D. Or. Mar. 1, 2007) (declining to tax defendant's "request for $265.00 to prepare demonstrative exhibits," noting that "the cost of the demonstrative exhibits, without prior authorization by the court, is generally not recoverable").

Overall, the various itemized "other costs" are inadequately described, so this Court does not have enough information to conclude that any of those expenses fall within the enumerated categories of 28 U.S.C. § 1920. *Cf. Atkinson v. United States*, No. 06-158, 2010 WL 11661395, at *5 (S.D. Tex. Jan. 29, 2010) (noting that the court did not have enough description of an item noted in the bill of costs to conclude that it fell within the statutory framework of § 1920). For instance, the Court has no indication of what at Kroger, CVS Pharmacy, Exxon, and Paychex, was obtained that could possibly fall within one of the enumerated categories of § 1920. As such, Plaintiffs have not met their burden in showing that any of the listed "other costs" were necessary and reasonable within the confines of Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Plaintiffs have not adequately described the costs or provided any receipt, invoice, or document associated with the purchases. Thus, the entirety of the "other costs"—$28,700.91—should be deducted from Plaintiffs' bill of costs.

## IV.  CONCLUSION

"Section 1920 does not allow any and all costs that were necessary or required in litigation to be tax[ed] and explicitly delineates what can be taxed by the prevailing party." *Butts*, 2018 WL

2007056, at *6.  Here, Plaintiffs wholly fail to explain how the costs included within their bill of

costs are taxable under 28 U.S.C. § 1920.  They fail to provide the Court a single invoice or shred

of supporting documentation verifying the accuracy or necessity of their claimed costs.  Based on

the foregoing analysis, and contingent on the United States' insistence that the Court require

invoices from Plaintiffs reflecting the accuracy of taxable costs, the bill of costs, (ECF No. 345),

should be adjusted as follows:

| | | |
|---|---|---|
| Fees of the Clerk | ($409.50 – $9.50) | $400.00 |
| Fees for service of summons and subpoena | ($1,376.75 – $1,220.00) | $156.75 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | ($14,902.97 – $6,764.98) | $8,137.99 |
| Fees and disbursements for printing | ($2,656.02 – $2,656.02) | $0.00 |
| Fees for witnesses | ($23,903.89 – $26,793.89) | -$2,890.00[4] |
| Other costs | ($28,700.91 – $28,700.91) | $0.00 |
| Total | ($71,950.04 – $66,145.30) | $5,804.74 |

The United States respectfully requests that Plaintiffs' bill of costs be denied for those

expenses not permitted under 28 U.S.C. § 1920 and that any award of costs should be adjusted

accordingly by the Court provided, (1) Plaintiffs provide appropriate documentation and (2) the

Court determines that the position of the United States was not substantially justified.  *See* 28

U.S.C. § 2412(d)(1)(A).

---

[4] This negative figure includes the deduction for Chad Staller's proffered witness fee, which was not included in Plaintiffs' witness fee total within the bill of costs.  (*See* ECF No. 345 at 2.)

Respectfully submitted,

**WILLIAM S. THOMPSON**
**United States Attorney**

**/s/ Jason S. Bailey**
Jason S. Bailey
Assistant United States Attorney
W. Va. State Bar No. 13582
United States Attorney's Office
300 Virginia St. East, Suite 4000
Charleston, WV  25301
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: jason.bailey2@usdoj.gov

Fred. B. Westfall, Jr.
W. Va. State Bar No. 3992
Assistant United States Attorney
Attorney for United States
300 Virginia St. East, Suite 4000
Charleston, WV  25301
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

RYAN HYSELL and CRYSTAL HYSELL,
on behalf of their daughter, A.H., a minor,

      Plaintiffs,

v.                                Civil Action No. 5:18-cv-01375

RALEIGH GENERAL HOSPITAL,
and THE UNITED STATES OF AMERICA,

      Defendants.

## CERTIFICATE OF SERVICE

      I, Jason S. Bailey, Assistant United States Attorney for the Southern District of West Virginia, hereby certify that on May 13, 2022, I electronically filed the foregoing **DEFENDANT UNITED STATES OF AMERICA'S OBJECTIONS TO PLAINTIFFS' BILL OF COSTS** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

      Christopher T. Nace
      Matthew A. Nace
      Paulson & Nace, PLLC
      1025 Thomas Jefferson Street NW
      Suite 810
      Washington, D.C. 20007
      Counsel for Plaintiffs

      D.C. Offutt, Jr.
      Jody O. Simmons
      Offutt Nord PLLC
      949 Third Avenue, Suite 300
      P. O. Box 2868
      Huntington, WV 25728-2868
      Counsel for defendant Raleigh General Hospital

22

C.J. Gideon, Jr.
Bryan Essary
Gideon, Essary, Tardio & Carter, PLC
315 Deaderick Street
Suite 1100
Nashville, TN 37238
*Pro Hac Vice* Counsel for Defendant Raleigh
General Hospital

**/s/ Jason S. Bailey**
Jason S. Bailey
Assistant United States Attorney
W. Va. State Bar No. 13582
United States Attorney's Office
300 Virginia St. East, Suite 4000
Charleston, WV  25301
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: jason.bailey2@usdoj.gov