IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

RYAN HYSELL and CRYSTAL HYSELL,
on behalf of their daughter, A.H., a minor,

      Plaintiffs,

v.

RALEIGH GENERAL HOSPITAL, *et al.*,

      Defendants.

Case No.  5:18-cv-01375
Judge: Frank W. Volk

**PLAINTIFFS' REPLY TO DEFENDANTS'
OPPOSITION TO BILL OF COSTS**

***COME NOW*** Plaintiffs Ryan and Crystal Hysell, by and through undersigned counsel, and respectfully submit their Reply to Defendants' Oppositions to Bill of Costs. In Reply thereto, Plaintiffs state the following:

Local Rule Civil Procedure 54.1 states that "[f]ees and costs shall be taxed and paid in accordance with the provisions of 28 U.S.C. §§ 1911 – 1929, and other controlling statutes and rules. If costs are awarded, the reasonable premiums or expenses paid on any bond or other security given by the prevailing party shall be taxed as part of the costs."

Pursuant to 28 U.S.C. §1920:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2)
> (3) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (4) Fees and disbursements for printing and witnesses;
> (5) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (6) Docket fees under section 1923 of this title;
> (7) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. §1920.

I. **CLERK FEES AND FEES FOR SUMMONS AND SUBPOENAS.**

The United States does not appear to dispute the fees sought under this itemization. Instead, it appears that it simply wishes to have the fees assessed only to its respective services totaling $156.75.

Defendant Raleigh General Hospital ("RGH"), however, disputes the reasonableness of the fees associated with the use of a private process server of $1,220.00. Defendant claims as its basis that use of a private process server upon a corporation can be accomplished under Federal Rules of Civil Procedure 4(h)(1)(B); however, Defendant fails to recognize that use of a private process server is equally allowable under F.R.C.P. 4(e)(1) as expressed under F.R.C.P. 4(h)(1)(A). West Virginia Rules of Civil Procedure 4(c) allows for such service. Thus, there is nothing unreasonable about the manner in which service was made in this matter.

II. **FEES FOR PRINTED OR ELECTONRICALLY RECORDED TRANSCRIPTS NECESSARILY OBTAINED FOR USE IN THIS CASE.**

The following depositions were taken in this case:

- Alyce Perkowski
- Debra Crowder
- Crystal Hysell
- Ryan Hysell
- Katana Jackson
- Robert Wayne
- Heather Buchanan
- Teresa Noland
- Cindy Remines
- Todd Arthur, M.D.
- Elizabeth Schorry, M.D.
- John Fassett, CNM
- Patricia Connors, R.N.
- Laura Lampton, CLCP

- Chad Staller, J.D. MBA
- Alea Marie O'Meara, M.D.
- Jerome Barakos, M.D.
- Thomas Rugino, M.D.
- Kathy Ball

All of these depositions were reasonably necessary at the time of their taking as allowed under *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), as cited by Defendant U.S.A. Likewise, the necessity of these depositions was required for more than a mere incidental costs for normal preparation for trial. While Defendant RGH cites to *Independent Iron Works, Inc. v. United States Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963), it fails to take note that that exact case states that "[i]n *Hancock v. Albee*, 11 F.R.D. 139 (D.Conn.1951) the expense of a copy of a party's own deposition taken by an adversary was allowed as costs. The court said the possibility that the deposition would be used to impeach the party created a reasonable necessity for his purchase of a copy in order to hold the impeachment within proper limits." *Id*. The same possibility existed in this case for the witnesses called.

Additionally, the following *de bene esse* depositions were taken in this matter:

- Jermoe Barakos, M.D.

Plaintiff also requested from the Court the trial transcripts of May 18th, which was necessary and utilized in the trial of this case.

Plaintiff is attaching the invoices in total as requested by the Defendants (Exhibit 1). In reviewing the line itemizations provided by the court reporting companies, whose invoices were multiple, Plaintiffs are revising their Bill of Costs to reflect what is accurately believed to be the bare minimum recoverable costs as billed. By way of itemization, Plaintiffs restates the following for clarity:

- Heather Buchanan          $244.00
- Robert Wayne              $192.00

- Teresa Noland — $164.00
- Katana Jackson — $52.00
- Crystal & Ryan Hysell — $349.50
- Alyce Perkowski — $688.00
- Debra Crowder — $373.00
- Cindy Remines — $217.00
- John Fassett — $1,090.85
- Alea Marie O'Meara — $713.65
- Laura Lampton — $496.90
- Chad Staller — $641.90
- Thomas Rugino — $1,268.55
- Jerome Barakos — $408.38
- Patricia Connors — $344.55
- Kathy Ball — $210.00
- Trial Transcript 5/18 — $1,811.70
- <u>Jerome Barakos — $1,612.80</u>
- Total: $10,878.78

### III. <u>FEES FOR WITNESSES</u>

In light of defendants' citation to M*arkle v. United States*, Civil Action No. 3:134-cv-138, Plaintiffs will amend its Bill of Costs to seek only the $40/witness allowance and per diem travel allowance under 28 U.S.C. §1821(d)(1): "A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." Mr. Fassett travelled from California on May 19th for his trial testimony on May 20th. His hotel fee was itemized under the "Other Costs" section of the Bill of Cost and listed as $335.61 for stay at Courtyard by Marriott. Thus, Plaintiffs are seeking costs of 7 witnesses at $40/day and Mr. Fassett's hotel bill: ($40*7) + $335.61 = $615.61)

### IV. <u>FEES AND DISBURSEMENTS FOR PRINTING</u>

Defendant RGH seeks to escape costs for printing because documentation was not provided. Again, the rules did not require submission of invoices, but Plaintiffs are attaching as Exhibit 2 the invoice from Staples for printing. The copying costs sought in the amount of

4

$2,656.02 were for copies and printing of materials utilized specifically for trial in this matter including but not limited to exhibits, witness transcripts, and other medical records and documentation utilized for costs. The Staples invoice totals $2,570.43.[1] The total costs of printing for the entirety of this matter far exceeds a poultry $2,656.02.

## V.  OTHER COSTS

In reviewing the itemized costs sought and case law, Plaintiffs have re-calculated those costs sought to the following:

| Date | Charge | Reason | Cost | Category |
|---|---|---|---|---|
| 05/19/2021 | Courtyard by Marriott | COURTYARD 1SA    BECKLEY    WV | 335.61 | Accommodations |
| 05/28/2021 | Courtyard by Marriott | COURTYARD 1SA    BECKLEY    WV | 690.34 | Accommodations |
| 05/29/2021 | Courtyard by Marriott | COURTYARD 1SA    BECKLEY    WV | 1,858.71 | Accommodations |
| 06/03/2021 | Courtyard by Marriott | COURTYARD 1SA    BECKLEY    WV | 565.99 | Accommodations |
| 06/03/2021 | Courtyard by Marriott | COURTYARD 1SA    BECKLEY    WV | 2,117.81 | Accommodations |
| 05/17/2021 | City of Beckley Parking | CITY OF BECKLEY PARKBECKLEY    WV | 12.00 | Parking |
| 05/18/2021 | City of Beckley Parking | CITY OF BECKLEY PARKBECKLEY    WV | 12.00 | Parking |
| 05/19/2021 | City of Beckley Parking | CITY OF BECKLEY PARKBECKLEY    WV | 9.75 | Parking |
| 05/20/2021 | City of Beckley Parking | CITY OF BECKLEY PARKBECKLEY    WV | 9.50 | Parking |
| 05/21/2021 | City of Beckley Parking | CITY OF BECKLEY PARKBECKLEY    WV | 9.00 | Parking |
| 05/24/2021 | City of Beckley Parking | CITY OF BECKLEY PARKBECKLEY    WV | 9.00 | Parking |
| 05/25/2021 | City of Beckley Parking | CITY OF BECKLEY PARKBECKLEY    WV | 10.00 | Parking |
| 05/28/2021 | City of Beckley Parking | CITY OF BECKLEY PARKBECKLEY    WV | 8.00 | Parking |
| 05/21/2021 | Jury Mapping, LLC | Jury profile reports | 1,350.00 | Required Research |
| 11/18/2020 | Rieback Medical Legal Consultants, Inc. | Drafting trial exhibits and PowerPoint slides - Jerome Barakos, MD | 2,875.00 | Required Research |

This itemization categorizes three claimed costs incurred during trial: accommodations, parking, and required research. The accommodations sought were reasonably necessary in light of the ability for counsel to attend the trial due to the vast distance between their homes in South Carolina

---

[1] The balance of the prior amount sought was itemized without an individual invoice. Due to the minimal difference between the two numbers, Plaintiffs will only seek the attached Staples invoice.

and Florida at the time of travel. Parking was reasonably necessary in order for the attorneys to actually attend the trial, especially considering now deceased Barry J. Nace's health conditions at the time of trial. The two items identified as Required Research including costs associated with Jury Mapping, LLC, which was reasonably necessary to conduct voir dire in this matter and utilized for trial, and payment for exhibits to used in conjunction with power point presentation, which was also reasonably necessary for litigation and trial in this matter.

As a result of the Defendants' objections, Plaintiffs are reducing their Bill of Costs to the following requests:

| | |
|---|---|
| Fees for the Clerk: | $409.50 |
| Fees for Service of Summons | $1,376.75 |
| Fees for Transcripts | $10,878.78 |
| Fees for Printing | $2,570.43 |
| Fees for Witnesses | $615.61 |
| Other Costs | $9,872.71 |
| Total: | $25,723.78 |

**WHEREFORE** Plaintiffs Ryan and Crystal Hysell respectfully request that this Honorable Court grant their Bill of Costs for $25,723.78.

Respectfully submitted,

PAULSON & NACE, PLLC

 /s/  Matthew A. Nace
Matthew A. Nace, Esq. #13072
Christopher T. Nace, Esq. #11464
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 – Telephone
202-223-6824 – Facsimile
*man@paulsonandnace.com*
*ctnace@paulsonandnace.com*
*Counsel for Plaintiffs*

6

**Affidavit**

I, Matthew A. Nace, swear under penalty of perjury that I have reviewed the files maintained by Paulson & Nace, PLLC and inspected the invoices as represented in the accompanying Reply Brief. The numbers reflected herein are what are reflected in our books and the accompanying invoices attached.

 /s/  Matthew A. Nace
Matthew A. Nace, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2022 I caused a true and exact copy of the foregoing to be served via CM/ECF upon:

Mr. Fred B. Westfall, Jr., Esq.
Jason S. Bailey, Esq.
Jennifer M. Mankins, Esq.
United States Department of Justice
Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV  25301
Phone: (304) 345-2200
Fax: (304) 347-5443
Email Address: fred.westfall@usdoj.gov
Email Address: jason.bailey2@usdoj.gov
Email Address: jennifer.mankins@usdoj.gov
*Counsel for USA*

D. C. Offutt, Jr., Esq.
Jody O. Simmons, Esq.
Shawna N. Pinkerton, Esq.
Offutt Nord Ashworth, PLLC
949 Third Avenue
Suite 300
PO Box 2862
Huntington, WV  25728
Phone: (304) 529-2868
Fax: (304) 529-2999
Email Address: dcoffutt@offuttnord.com
Email Address: jsimmons@offuttnord.com
Email Address: snpinkerton@offuttnord.com
*Counsel for RGH*

Bryan Essary, Esq.
C.J. Gideon, Jr., Esq.
Gideon, Essary, Tardio & Carter PLC
315 Deaderick Street
Suite 1100
Nashville, TN  37238
Phone: (615) 254-0400
Fax: (615) 254-0459
Email Address: bryan@getclawfirm.com
Email Address: cg@getclawfirm.com
*Counsel for RGH*

          /s/  Matthew A. Nace
          Matthew A. Nace, Esq.