UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

RYAN HYSELL and CRYSTAL HYSELL, on
behalf of their daughter, A.H., a minor,

    Plaintiffs,

v.                                                      CIVIL ACTION NO. 5:18-cv-01375

RALEIGH GENERAL HOSPITAL and
THE UNITED STATES OF AMERICA,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending is the United States' Motion to Vacate, Alter, and/or Amend the Judgment, and/or for a New Trial [Doc. 343]. The matter is ready for adjudication.

### I.

This case arises out of Plaintiffs' medical negligence claim brought on behalf of their minor daughter, A.H. Plaintiffs allege the United States -- through the acts of its agent, Debra Crowder, a nurse midwife -- and Raleigh General Hospital ("RGH"), were each negligent in the treatment of Plaintiffs' daughter during Mrs. Hysell's labor and delivery, as well as immediately following A.H.'s birth.

The Court conducted a jury and bench trial from May 18, 2021, through June 2, 2021. At the close of trial, the jury returned a verdict for the Hysells and awarded them a total of $10,837,527 in damages, attributing 30% of fault to the United States from an advisory perspective, and 70% of fault to RGH. *See* Fed. R. Civ. P. 39(c). On July 15, 2021, the United States and Plaintiffs each submitted their proposed findings of fact and conclusions of law. [Docs.

308, 318]. On March 31, 2022, the Court entered its Memorandum Opinion and Order accepting the jury's advisory verdict, along with independently finding that the United States was negligent, that such negligence directly and proximately caused A.H.'s injuries, and that A.H. had been injured in the amount of $10,265,340.38, of which the United States was deemed responsible for $3,079,602.11. [Doc. 335].

On April 28, 2022, the United States filed the instant Motion to Vacate, Alter, and/or Amend the Judgment Entered in this Civil Action and/or for New Trial. [Doc. 343]. The United States contends the Court should reconsider its judgment and find in the United States' favor because Plaintiffs failed to meet their burden to prove proximate causation under West Virginia law. Specifically, the United States claims (1) Plaintiffs did not produce any expert testimony causally linking any alleged negligence of the midwife to the injuries alleged; (2) the Court improperly concluded causation could be inferred from the expert testimony presented at trial; and (3) the Court's recalculation of A.H.'s APGAR scores is not supported by the evidence and is contrary to the expert testimony presented at trial. The United States also submits the Court improperly entered judgment prior to completion of a collateral source hearing under W. Va. Code § 55-7B-9a.

Plaintiffs responded on June 1, 2022. [Doc. 352]. They contend the United States is attempting to re-litigate facts and legal theories already considered and rejected by the Court. They assert the United States is not entitled to relief under Rule 52, nor under Rule 59. Specifically, Plaintiffs note that certified nurse midwife John Fasset's opinion on standard of care established a *prima facie* case of negligence against the United States. Plaintiffs emphasize that Dr. Alia Marie Iqbal O'Meara then offered ample testimony -- based on the standard of care violations to which Mr. Fassett testified -- that the midwife's negligence during the period encompassing labor and

delivery proximately caused A.H.'s injury. Plaintiffs submit (1) the evidence presented at trial is more than sufficient to support the Court's finding that A.H. suffered a hypoxic event at birth, (2) Plaintiffs' expert causation testimony far exceeds mere inferences, and (3) the United States incorrectly suggests the Court may not make or rely upon inferences.

In its Reply filed June 20, 2022, the United States maintains that Plaintiffs failed to elicit sufficient expert testimony at trial to support a reasonable inference of causation and that the Court's recalculation of the APGAR scores was not supported by expert testimony. [*See* Doc. 360].

## II.

The United States seeks reconsideration of the Court's judgment pursuant to *Federal Rules of Civil Procedure* 52 and 59. Rule 52(b) provides that, in cases tried without a jury, a party may move the court to amend its findings, make additional findings, and amend the judgment within 28 days after entry of judgment. Such motions may be brought in conjunction with a motion under Rule 59. Rule 59(e) permits parties to seek to alter or amend a court's judgment within 28 days of entry of that judgment. Such motions "may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks and citation omitted); *Vogt v. Macy's Corp. Servs., Inc.*, 774 Fed.Appx. 819, 819 (4th Cir. 2019) (per curiam). In addition, Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Melendez v. Sebelius*, 611 Fed.Appx. 762, 764 (4th Cir. 2015) (per curiam) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

### III.

As an initial matter, the Court **FINDS** the United States has not presented an intervening change in controlling law, new evidence, or a clear error of law or potential manifest injustice. While its motion must thus be denied on that basis alone, the Court will briefly address the United States' contentions regarding the evidence on causation.

Plaintiffs were required under the West Virginia Medical Professional Liability Act ("MPLA") to present expert testimony as to standard of care and causation. The MPLA does not require one expert to opine as to both; rather, it is sufficient to present -- as Plaintiffs did -- one expert who can testify as to standard of care violations, and another who can testify as to proximate cause. Plaintiffs offered Mr. Fassett, a midwife expert, to opine as to standards of care of a midwife under the same or similar circumstances as Midwife Crowder, and Dr. O'Meara, an expert pediatrician with experience treating babies who have suffered hypoxic events, to opine as to causation. Dr. O'Meara offered direct testimony as to causation more than once during trial. *See* Tr. at 580–81 (regarding whether or not A.H. had hypoxia at the time of delivery, "within a reasonable degree of medical probability, [hypoxia] is the only thing that's identified and it's more than likely the cause of the injury"); Tr. at 582–83 (regarding A.H.'s difficulty breathing and low muscle tone at birth, "within a reasonable degree of medical probability, more likely than not it was hypoxemia that – that caused that"). Plaintiffs' experts Drs. Jerome Barakos and Thomas Rugino further testified that A.H.'s injuries and developmental delay were more likely than not caused by a hypoxic event. *See* Tr. at 1175, 1043. No evidence was offered by any party that A.H. suffered a hypoxic event at any other time in her life, and it was uncontested at trial that the signs and symptoms of hypoxia were only present at time of delivery. Accordingly, the Court reasonably

inferred and found, based on the expert testimony presented at trial, that A.H. suffered a hypoxic event at birth which was caused by the midwife's violations of the standards of care.

It is the case that inferences are improper when they go no further than abject speculation, conjecture, or mere possibility regarding causation. *See Dellinger v. Pediatrix Med. Grp., P.C.*, 750 S.E.2d 668 (2013); *Fitzgerald v. Manning*, 679 F.2d 341 (4th Cir. 1982). However, the expert testimony presented at trial went far beyond abject speculation, conjecture, or mere possibilities. Plaintiffs' experts offered testimony to a reasonable degree of medical certainty, and the Court also considered testimony by the Defendants' proffered experts which further supported the Plaintiffs' case. [*See* Doc. 335 at 5, 12, 14–18]. On balance, the weight of the evidence presented at trial supported a finding of proximate causation.

Additionally, the Court's recalculation of the APGAR scores does not result in potential manifest injustice. The Court considered how the APGAR score is calculated and testimony which directly contradicted delivery staff observations which contributed to A.H.'s recorded APGAR scores. The Court's recalculation, based on the credible testimony of A.H.'s parents and grandmother, reflected the Court's determination that the recorded APGAR scores were inaccurate and unreliable. Dr. O'Meara further testified that even with A.H.'s recorded APGAR scores of seven and eight, "that immediately gets my attention that something happened. This was not a straightforward vaginal delivery. You know, a normal, healthy delivery, you know, we typically see Apgars of nine and nine or eight and nine." Tr. at 581. Nevertheless, the weight of the other evidence presented at trial was more than sufficient to indicate A.H. suffered a hypoxic event at birth.

The United States' motion is largely based on its argument that there is insufficient evidence that the midwife's negligence proximately caused A.H.'s injury. Upon review of the

testimony, the Court **FINDS** -- as it found in its initial analysis -- that ample evidence supports the conclusion that the United States was negligent and that such negligence caused A.H.'s injuries. The United States presents nothing to alter the Court's original findings and conclusions.

Further, the Court notes the United States' contention that entry of judgment prior to the conclusion of a collateral source hearing under W. Va. Code § 55-7B-9a is reversible error. The Court previously noted in its Judgment Order that if the parties could not reach a resolution on the issue of collateral sources, the Court would set a hearing and, if warranted, amend the Judgment. [Doc. 336]. Following careful consideration of the parties' additional briefing on the matter, the Court conducted a hearing pursuant to § 55-7B-9a on February 17, 2023. [Doc. 388]. A Memorandum Opinion and Order is forthcoming. Accordingly, the Court declines to vacate its judgment on this ground.

**IV.**

For the foregoing reasons and those stated in more detail in the Court's initial Memorandum Opinion and Order [Doc. 335], the Court **DENIES** the United States' Motion to Vacate, Alter, and/or Amend the Judgment Entered in this Civil Action and/or for New Trial [**Doc. 343**].

The Clerk is **DIRECTED** to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: March 30, 2023



Frank W. Volk
United States District Judge