## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**RYAN HYSELL and CRYSTAL HYSELL,**
**on behalf of their daughter, A.H.,**
**a minor,**

               *Plaintiffs*,

**v.**                                            **Case No.: 5:18-cv-01375**
                                                **Judge Frank W. Volk**

**RALEIGH GENERAL HOSPITAL, and**
**THE UNITED STATES OF AMERICA,**

               *Defendants*.

### DEFENDANTS', RALEIGH GENERAL HOSPITAL'S AND THE UNITED STATES OF AMERICA'S, JOINT MOTION TO EXTEND THE DEADLINE TO FILE NOTICE OF APPEAL

Comes Now Defendants, Raleigh General Hospital ("Raleigh General"), by counsel, D.C. Offutt, Jr., Jody O. Simmons, Mark R. Simonton, and the law firm of Offutt Simmons Simonton, PLLC, and C.J. Gideon, Bryan Essary, and the law firm of Gideon, Essary, Tardio & Carter, PLC, and the United States of America (the "United States"), by counsel, Fred B. Westfall, Jason S. Bailey, and the Office of the United States Attorney for the Southern District of West Virginia (hereinafter collectively "Defendants"), pursuant to Federal Rule of Appellate Procedure 4(a)(5), and hereby jointly move this Court to extend the deadline to file a notice of appeal for "good cause." In support of the foregoing motion, Defendants state as follows:

### BRIEF BACKGROUND

Currently pending before the Court is the issue of whether Defendants are entitled to a post-verdict collateral source offset pursuant to West Virginia Code Section 55-7B-9a. An evidentiary hearing was held concerning this issue on February

17, 2023, and, thereafter, this Court entered an *Order* [ECF No. 390] directing the parties to submit, *inter alia*, final briefing on the issue. Subsequently, on March 30, 2023, this Court entered a *Memorandum Opinion And Order* [ECF No. 410] denying *Defendant United States of America's Motion to Vacate, Alter, and/or Amend The Judgment Entered In This Civil Action And/Or For New Trial* [ECF No. 343]. To date, the collateral source offset issue remains undecided and pending before the Court.

## ARGUMENT

This Court should enter an Order extending the deadline for the filing of a notice of appeal by 30 days. Pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . (i) the United States[.]" *See* F.R. App. P. 4(a)(1)(B)(i). This 60-day time period is delayed, and does not begin to run, until the entry of an order denying the last of any of the specific motions set forth in Rule 4(a)(4) of the Federal Rules of Appellate Procedure. *See, e.g.*, F.R. App. P. 4(a)(4). The last of the specific types of motions listed in Rule 4(a)(4) of the Federal Rules of Civil Procedure was ruled on by this Court on March 30, 2023, when it entered its *Memorandum Opinion And Order* [ECF No. 410] denying *Defendant United States of America's Motion to Vacate, Alter, and/or Amend The Judgment Entered In This Civil Action And/Or For New Trial* [ECF No. 343]. *See* F.R. App. P. 4(a)(4)(A)(iv), (v). Therefore, Defendants' deadline for the filing of a notice of appeal, pursuant to the Federal Rules of Appellate Procedure, is May 29,

2023.[1]

However, at this time, certain issues remain pending before the Court (*i.e.*, the post-verdict collateral source offset issues), which, regardless of the Court's decision, might well be a subject of any appellate proceedings in this matter.[2]  Therefore, in order to avoid the potential for multiple appeals involving separate issues in the same civil action and to promote judicial efficiency, this Court should enter an order extending the deadline for the filing of a notice of appeal by 30 days.

Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides, in pertinent part, as follows:

### (5) Motion for Extension of Time.

**(A)** The district court may extend the time to file a

---

[1] If any party or parties file a timely notice of appeal, the remaining party or parties would be afforded an additional 14 days, or until June 12, 2023, to file a notice of appeal. *See* F.R. App. P. 4(a)(3).

[2] On March 31, 2022, this Court entered a *Memorandum Opinion And Order* [ECF No. 334] denying Raleigh General's Rules 50 and 59 motions and entered a *Judgment Order* [ECF No. 336] the same day.  Thereafter, on April 14, 2022, Raleigh General and the United States of America filed their *Joint Motion Of The Defendants To Vacate Judgment (ECF No. 336) Entered On March 31, 2022, Pursuant To W.Va. Code § 55-7B-9a* [ECF No. 337]  and accompanying *Memorandum In Support* [ECF No. 338] asserting that West Virginia Code Section 55-7B-9a requires that their previously requested collateral sources hearing be held "after the trier of fact has rendered a verdict, *but before entry of judgment* . . . ." *See generally* Joint Motion of Defs. To Vacate Judgment (April 14, 2022), ECF No. 338, at Page ID # 8496 (emphasis in original).  Four days later, on April 18, 2022, this Court entered an *Order* [ECF No. 339] denying, without prejudice, the *Joint Motion Of The Defendants To Vacate Judgment (ECF No. 336) Entered On March 31, 2022, Pursuant To W.Va. Code § 55-7B-9a* [ECF No. 337] and further directing that "[i]f no resolution is reached by [April 20, 2022], the Court will, upon renewed motion, vacate the judgment and set a hearing on the collateral source issue." *See* Order (April 18, 2022), ECF No. 339, at Page ID # 8508.  On April 20, 2022, the parties filed a *Joint Notice Regarding Collateral Source & Remittitur* [ECF No. 341] in which the parties set forth their proposed mediation plan to attempt to amicably resolve all of the pending issues in this matter, including the collateral source reduction issue. *See* Joint Notice, ECF No. 341, at Page ID # 8511-8512.  Further, at Plaintiffs' request, the parties set forth a briefing scheduling for the submission of briefs "regarding to applicability of W.Va. Code § 55-7B-9a[.]" *Id.* at Page ID # 8512.  Thereafter, on April 25, 2022, this Court entered an *Order* establishing such briefing schedule and scheduling a collateral source offset hearing. *See* Order, ECF No. 342, at Page ID # 8515.

notice of appeal if:

**(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

**(ii)** regardless of whether its motion is filed before or after the 30 days the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

**(B)** A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise  If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

**(C)** No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

*See* F.R. App. P. 4(a)(5).

Here, "good cause" exists to extend the notice of appeal deadline because such an extension will promote judicial efficiency and may avoid wasteful litigation.  As an initial matter, without an extension of the notice of appeal deadline, any party who wishes to appeal will be required to file the notice of appeal by May 29.  And the "timely filing of a notice of appeal" is "an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *In re GNC Corp.*, 789 F.3d 505, 512 n.5 (4th Cir. 2015) (citation omitted).  Therefore, if any party appeals from this Court's final judgment, that might well divest this Court of jurisdiction to directly resolve the outstanding collateral source issues.  At that point, any such resolution might have to occur through the more burdensome—on the litigants, this Court, and

the court of appeals—procedure of entering an indicative ruling and potentially asking the Fourth Circuit to remand the case. *See* F.R. Civ. P. 62.1.

Even apart from potentially avoiding the more burdensome indicative ruling procedure, extending the notice of appeal deadline may also help streamline any appeals in this case.  As explained, the Court's ultimate decision on the collateral source issues may well be appealed, and it would be efficient to permit any appeals from the collateral source decision and any appeals from the underlying judgment to be briefed, argued, and considered together by the court of appeals.

In short, because there remains an outstanding issue that might affect the judgment in this case and that might become, either way, the subject of future appellate proceedings, it would promote judicial efficiency to resolve the outstanding issue before any notice of appeal must be filed.  And given the impending notice of appeal deadline, those efficiency concerns provide more than sufficient good cause for this Court to exercise its flexible authority under Rule 4(a)(5) and extend the notice of appeal deadline by 30 days. *See Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1068 n. 2 (5th Cir. 1979) (referencing the Supreme Court's amendment to Rule 4(a) to include the "excusable neglect or good cause language" being an indication of the flexibility intended in granting extensions); *see also Pearson v. Gatto*, 933 F.2d 521, 524 (7th Cir. 1991) (citing the advisory notes of Rule 4(a)(5), this court indicates that the language is clear that a "good cause" extension may be granted before the filing deadline).

## CONCLUSION

For the aforementioned reasons, this Court should enter an order granting the foregoing motion and extend the deadline for the filing of a notice of appeal by 30 days.

Respectfully submitted,

**RALEIGH GENERAL HOSPITAL, LLC and THE UNITED STATES OF AMERICA**

**By Counsel:**

*/s/ Mark R. Simonton*
D. C. Offutt, Jr., Esquire (WV Bar #2773)
Jody Offutt Simmons, Esquire (WV Bar #9981)
Mark R. Simonton, Esquire (WV Bar #13049)
***Offutt Simmons Simonton, PLLC***
949 Third Avenue, Suite 300
Huntington, West Virginia 25701
Telephone:   (304) 529-2868
Facsimile:     (304) 529-2999
dcoffuttjr@offuttlegal.com
josimmons@offuttlegal.com
mrsimonton@offuttlegal.com
*Co-Counsel for Defendant, Raleigh General Hospital*

C.J. Gideon, Jr., Esquire (TN Bar # 006034)*
Bryan Essary, Esquire (TN Bar # 014304)*
***Gideon, Essary, Tardio & Carter, PLC***
315 Deaderick Street, Suite 1100
Nashville, Tennessee 37238
Telephone: (615) 254-0400
Facsimile:  (615) 254-0459
cj@getclawfirm.com
bryan@getclawfirm.com
*Co-Counsel for Defendant, Raleigh General Hospital*
*Admitted Pro Hac Vice

/s/ *Jason S. Bailey*
Fred B. Westfall, Jr. (WV Bar No. 3992)
Jason S. Bailey (WV Bar No. 13582)
Assistant United States Attorneys
**Office of the United States Attorney**
**Southern District of West Virginia**
*Post Office Box 1713*
*Charleston, West Virginia 25326*
Telephone:   (304) 345-2200
Facsimile:    (304)-347-5443
Fred.Westfall@usdoj.gov
Jason.Bailey2@usdoj.gov
*Counsel for the United States of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**RYAN HYSELL and CRYSTAL HYSELL,**
**on behalf of their daughter, A.H.,**
**a minor,**
     ***Plaintiffs,***

**v.**          **Case No. 5:18-cv-01375**
            **Judge Frank W. Volk**

**RALEIGH GENERAL HOSPITAL, and**
**THE UNITED STATES OF AMERICA,**

     ***Defendants.***

## CERTIFICATE OF SERVICE

  I, Mark R. Simonton, counsel for Defendant, Raleigh General Hospital, do hereby certify that a true and exact copy of the foregoing, ***"Defendants', Raleigh General Hospital's and the United States of America's, Joint Motion To Extend the Deadline to File Notice of Appeal"*** has been served upon counsel of record via the court's electronic filing system, this **18**th day of **May, 2023** which shall send notice of the same to the following:

       Christopher T. Nace, Esquire
       Matthew A. Nace, Esquire
       ***Paulson & Nace, PLLC***
       1025 Thomas Jefferson St., NW, Suite 810
       Washington, D.C. 20007
       *Counsel for Plaintiffs, Ryan Hysell and Crystal Hysell, on*
       *behalf of their daughter, A.H., a minor*

       Fred B. Westfall, Jr., Assistant United States Attorney
       Office of the United States Attorney
       Southern District of West Virginia
       Post Office Box 1713
       Charleston, West Virginia 25326
       *Counsel for Defendant, The United States of America*

/s/ ***Mark R. Simonton,***
Mark R. Simonton, Esquire (WV Bar # 13049)